MELINDA HAAG (CABN 132612)
United States Attorney
JAMES A. SCHARF (CABN 152171)
Assistant United States Attorney
    150 Almaden Blvd., Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5044
    FAX: (408) 535-5081
    james.scharf@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>    Defendant. | Case No. CV 13-02405 DMR<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date: September 26, 2013<br>Time: 11:00 a.m.<br>Place: 1301 Clay Street, Oakland, CA<br>Courtroom: 4 (3rd Floor)<br>Judge: Hon. Donna M. Ryu |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

NOTICE OF MOTION .......................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................1

I.    INTRODUCTION .................................................................................................1

II.   STATEMENT OF FACTS ....................................................................................2

III.  ARGUMENT .........................................................................................................4

      A.   Standards for Dismissal ..............................................................................4

           1.   Rule 12(b)(1) Standard .......................................................................4

           2.   Rule 12(b)(6) Standard .......................................................................5

      B.   This Court Lacks Jurisdiction over Plaintiff's Claims and Should Dismiss,
           Because 38 U.S.C. § 511 Precludes Judicial Review of Claims the
           Adjudication of Which Would Require the District Court to Review Benefits-
           Related Determinations by the Department of Veterans Affairs. ......................5

           1.   The District Court Lacks Jurisdiction Not Only to Review VA Benefits
                Determinations But Also to Review VA Determinations that Relate to
                the Provision of Benefits.......................................................................5

           2.   Review of Plaintiff's Claims Would Require the District Court
                Improperly to Review a VA Determination Under a Law Affecting the
                Provision of Benefits.............................................................................7

      C.   Alternatively this Court Lacks Jurisdiction over Plaintiff's Claims and Should
           Dismiss, Because Plaintiff's Claims Variously Are Not Legally Cognizable,
           May Not Be Alleged Against the United States Under the FTCA, and Are Not
           Plausibly Pled with Sufficient Facts. .................................................................9

           1.   Plaintiff's Claim for "Staging Conflicts Situations" Is Not Legally
                Cognizable, and to the Extent that the Gravamen of Such a Claim Is
                Misrepresentation or Fraud, Plaintiff May Not Sue the United States
                for Misrepresentation or Fraud Under the FTCA. ................................9

           2.   Plaintiff May Not Sue the United States for Violation of His Right to
                Due Process Under the FTCA................................................................10

           3.   Plaintiff May Not Sue the United States for Slander Under the FTCA.................11

           4.   Plaintiff Has Not Alleged Sufficient Facts to State a Claim for False
                Imprisonment. .....................................................................................11

           5.   Plaintiff's Claims for "Public Humiliation" and "Pain and Suffering"
                Are Not Legally Cognizable, and to the Extent that the Gravamen of
                "Public Humiliation" is Intentional Infliction of Emotional Distress,
                Plaintiff Has Not Alleged Sufficient Facts to State Such a Claim........................12

6.    Plaintiff's Claims for "First Degree Criminal Assault" and "Torture and Terrorizing" Are Not Legally Cognizable, and to the Extent that the Gravamens of Such Claims are Assault and Battery, Plaintiff Has Not Alleged Sufficient Facts to State Claims for Assault and Battery. .................13

IV.    CONCLUSION .......................................................................................................14

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................... 5, 6

*Ass'n of Am. Med. Colls. v. United States*,
    217 F.3d 770 (9th Cir. 2000) ..................................................................................... 4

*Avina v. United States*,
    681 F.3d 1127 (9th Cir. 2012) ............................................................................... 12, 13

*Beamon v. Brown*,
    125 F.3d 965 (6th Cir. 1997) ................................................................................... 7, 9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................... 5, 6

*Boyd v. City of Oakland*,
    458 F. Supp. 2d 1015 (N.D. Cal. 2006) .................................................................. 14

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
    598 F.3d 1115 (9th Cir. 2010) ................................................................................. 4

*Chinnock v. Turnage*,
    995 F.2d 889 n.2 (9th Cir. 1993) ............................................................................ 6

*Daniels v. Williams*,
    474 U.S. 327 (1986)................................................................................................. 10

*de la Cerra Frances v. de Anda*,
    224 Fed. App'x 637 (9th Cir. 2007) ....................................................................... 13

*F.D.I.C. v. Meyer*,
    510 U.S. 471 (1994)................................................................................................. 10

*Fraley v. Facebook, Inc.*,
    830 F. Supp. 2d 785 (N.D. Cal. 2011) .................................................................... 4

*Hicks v. Small*,
    69 F.3d 967 (9th Cir. 1995) ..................................................................................... 6

*Hicks v. Small*,
    842 F. Supp. 407 (D. Nev. 1993) ............................................................................ 6

*Hightower v. United States*,
    205 F. Supp. 2d 146 (S.D.N.Y. 2002)..................................................................... 10

*Holloman v. Watt*,
    708 F.2d 1399 (9th Cir. 1983) ................................................................................. 6

*Jachetta v. United States*,
    653 F.3d 898 (9th Cir. 2011) ................................................................................... 10

*Journey v. United States,*
    316 Fed. App'x 670 (9th Cir. 2009) ............................................................... 7, 8, 11

*Kokkonen v. Guardian Life Ins. Co.,*
    511 U.S. 375 (1994) ........................................................................................... 4

*Lane v. Pena,*
    518 U.S. 187 (1996) ........................................................................................... 5

*Lucas v. Dep't of Corrections,*
    66 F.3d 245 (9th Cir. 1995) ............................................................................... 5

*Monell v. Dep't of Soc. Servs.,*
    436 U.S. 658 (1978) ......................................................................................... 13

*Moore v. United Kingdom,*
    384 F.3d 1079 (9th Cir. 2004) ......................................................................... 11

*Navarro v. Block,*
    250 F.3d 729 (9th Cir. 2001) ............................................................................. 5

*Owyhee Grazing Ass'n, Inc. v. Field,*
    637 F.2d 694 (9th Cir. 1981) ....................................................................... 9, 10

*Safe Air for Everyone v. Meyer,*
    373 F.3d 1035 (9th Cir. 2004) ....................................................................... 4, 5

*Sheehan v. United States,*
    896 F.2d 1168 (9th Cir. 1990) ......................................................................... 10

*Snow-Erlin v. United States,*
    470 F.3d 804 (9th Cir. 2006) ........................................................................... 10

*St. Clair v. City of Chico,*
    880 F.2d 199 (9th Cir. 1989) ............................................................................. 4

*Sugrue v. Derwinski,*
    26 F.3d 8 (2d Cir. 1994) .................................................................................... 7

*Tekle v. United States,*
    511 F.3d 839 (9th Cir. 2006) ........................................................... 11, 12, 13, 14

*Thomas-Lazear v. F.B.I.,*
    851 F.2d 1202 (9th Cir. 1988) ......................................................................... 10

*United States v. King,*
    395 U.S. 1 (1969) ............................................................................................... 5

*United States v. Mitchell,*
    445 U.S. 535 (1980) ..................................................................................... 5, 10

*United States v. Olson,*
    546 U.S. 43 (2005) ......................................................................................... 9, 11

*Veterans for Common Sense v. Shinseki,*
    678 F.3d 1013 (9th Cir. 2012) ................................................................. 6, 7, 8, 9, 11

*W. Min. Council v. Watt,*
   643 F.2d 618 (9th Cir. 1981) ............................................................................................. 5

*Watts v. Cnty. of Sacramento,*
   256 F.3d 886 (9th Cir. 2001) ........................................................................................... 11

*Weaver v. United States,*
   98 F.3d 518 (10th Cir. 1996) ............................................................................................. 6

*Zuspann v. Brown,*
   60 F.3d 1156 (5th Cir. 1995) ............................................................................................. 6

**STATE CASES**

*Davidson v. City of Westminster,*
   32 Cal. 3d 197 (Cal. 1982) .............................................................................................. 12

*Easton v. Sutter Coast Hosp.,*
   80 Cal. App. 4th 485 (Cal. Ct. App. 2000) ..................................................................... 11

**FEDERAL STATUTES**

5 U.S.C. § 552(a)(1) ................................................................................................................. 7

5 U.S.C. § 553 ........................................................................................................................... 7

28 U.S.C. § 1346(b) ......................................................................................................... 1, 9, 11

28 U.S.C. §§ 2671–2680 ...................................................................................................... 1, 9

28 U.S.C. § 2674 ............................................................................................................... 9, 11

28 U.S.C. § 2680(h) ................................................................................................. 1, 9, 10, 11

38 U.S.C. § 501(a) .................................................................................................................... 8

38 U.S.C. § 511 ..................................................................................................... 1, 6, 7, 8, 14

38 U.S.C. § 512 ........................................................................................................................ 6

38 U.S.C. § 901–902 .............................................................................................................. 12

38 U.S.C. § 1721 ...................................................................................................................... 8

42 U.S.C. § 1983 .................................................................................................................... 10

**STATE STATUTES**

Cal. Penal Code § 148 ............................................................................................................. 3

Cal. Penal Code § 415 ............................................................................................................. 3

**LEGISLATIVE MATERIAL**

H.R. Rep. No. 100–963 (1988) ................................................................................................ 7

**FEDERAL RULES**

Fed. R. Civ. P. 8 ................................................................................................................... 5

Fed. R. Civ. P. 12(b)(1) .................................................................................................... 1, 4

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 1, 5

**FEDERAL REGULATIONS**

38 C.F.R. § 1.218 .......................................................................................................... 12, 14

38 C.F.R. § 17.100 ............................................................................................................... 8

38 C.F.R. § 17.107 ..................................................................................................... 2, 3, 7, 8

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on September 26, 2013, at 11:00AM, or as soon thereafter as the matter may be heard in Courtroom 4, 3rd Floor, 1301 Clay Street, Oakland, California, the Honorable Donna M. Ryu presiding, defendant United States will appear and move the Court for an order dismissing the complaint against it for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff James Ellis Johnson, a patient at the San Francisco Veterans Affairs Medical Center (SFVAMC), sues the United States for $2,575,000 under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671–2680, for various claims arising from time, place, and manner restrictions placed on the provision his veteran medical benefits as a result of his past and present disruptive behavior.[1]  In particular he alleges that defendants United States of America and City and County of San Francisco are liable for "staging conflicts situations," violation of his right to due process, slander, false arrest, "public humiliation," false imprisonment, "first degree criminal assault," "pain and suffering," and "torture and terrorizing a disabled person."  Compl. 9–10.  Plaintiff's complaint is defective, however, because this Court lacks jurisdiction to hear his claims and he has not properly pled his claims. First, under 38 U.S.C. § 511 this Court may not review decisions regarding the provision of veteran benefits and thereby override the SFVAMC's prerogative in overseeing such provision; the Court thus lacks jurisdiction to consider plaintiff's claims disputing the restriction of his benefits.  Second, the Court lacks jurisdiction under the FTCA to consider some of plaintiff's claims, and plaintiff fails to allege sufficient facts to raise his right to relief on other claims from the merely speculative to the plausible.  Because these defects cannot be cured through amendment, moreover, the Court should dismiss this case in its entirety with prejudice.

---

[1] This is plaintiff's second case against the VA.  In *Johnson v. United States*, CV 10-647-LB (N.D. Cal. filed Feb. 16, 2010), plaintiff sued the VA for medical malpractice under the FTCA. Magistrate Judge Beeler granted defendant's motion for summary judgment, and that case is now pending before the Ninth Circuit.

## II.    STATEMENT OF FACTS

Plaintiff received on or around August 22, 2011 an order of behavioral restriction, which modifies the "time, place, and manner" of his medical care, pursuant to 38 C.F.R. § 17.107 (formerly § 17.106).  Compl. Ex. 1 at 28–29, 50–51; *id.* Ex. 4 at 2–3.  Section 17.107 provides that the VA may restrict the "time, place, and/or manner" of medical care provision for patients whose behavior at VA medical facilities "has jeopardized or could jeopardize the health of safety of other patients, VA staff, or guests" or could "interfere with the delivery of safe medical care to another patient."  38 C.F.R. § 17.107(b).  Such restrictions, imposed after the medical center Chief of Staff considers "all pertinent facts," may: specify hours and locations of care, specify care providers, require police escort, and authorize the VA to terminate encounters immediately when certain behavior occurs.  *Id.* § 17.107(c)– (d).  Section 17.107 provides also that a patient may appeal such restrictions "by submitting [within thirty days of their issuance] a written request to the Chief of Staff," who will forward the request to the Network Director for decision within thirty days.  *Id.* § 17.107(e).

In issuing plaintiff's order of behavioral restriction, the SFVAMC Chief of Staff cited plaintiff's history of verbally abusing and threatening staff members and "screaming and waving [his] cane in a threatening manner."  Compl. Ex. 1 at 28; *see also id.* Ex. 1 at 6.  As a result, the order requires that plaintiff receive all of his care at the SFVAMC, come to the SFVAMC only for appointments and emergencies, check in with and be escorted to appointments by VA police, and arrive no more than thirty minutes prior to appointments; if plaintiff becomes disruptive during a visit, the order requires that VA police escort him immediately from the SFVAMC grounds.  *Id.* Ex. 1 at 28.  The order explains further the process by which plaintiff could appeal these restrictions, as provided by 38 C.F.R. § 17.107(e).  *Id.* Ex. 1 at 29.

Plaintiff claims that the SFVAMC's reasons for keeping a behavioral flag on his medical records,[2] signaling these restrictions to his care providers, are "fabricated," though he acknowledges that "situations" did take place in 2006 and 2007.  Compl. 5; *see also id.* Ex. 1 at 6, 7.  While asserting that

---

[2] Plaintiff labels as "slander" the behavioral flag in his medical charts, the order of behavioral restriction addressed to him, and a statement in SFVAMC director Lawrence Carroll's letter to United States Representative Nancy Pelosi.  Compl. 4–5, 8; *id.* Ex. 1 at 3.

"[t]here was never any due process" to challenge the restrictions, plaintiff does not claim to have appealed the restrictions on his medical care, moreover, and his complaint and the attached exhibits do not show or suggest that he did.  Compl. 4–5.

　　　In his complaint, plaintiff alleges that on January 30, 2012, when he went to an appointment without a VA police escort, Compl. Ex. 1 at 13, VA police enforced his time, place, and manner restrictions and arrested him "in order to undermine [his] legal efforts" in another case of his against the United States,[3] Compl. 6–7; *see also id.* at 5, 8; *id.* Ex. 1 at 17, 18, 19.  Plaintiff declares that he had been banned from going to the SFVAMC yet was brought back so that VA police could commit "acts of terror, torture[,] and criminal assault," run him off the premises again, and force him to pay for his own medical care.  Compl. 6.  Denying the existence of the "V.A. writ[t]en policy," 38 C.F.R. § 17.107, according to which restrictions may require him to check in with and be escorted by VA police at his appointments, plaintiff labels the requirements "blackmale [sic]," *id.* Ex. 1 at 19, and his arrest on January 30 a "set up," *id.* Ex. 1 at 12.[4]  Plaintiff acknowledges that he "showed up [at his appointment] without a police escort," in violation of his behavioral restrictions, and that the SFVAMC cited this as the reason that the VA police were called.  *Id.* Ex. at 13.  Plaintiff concludes, moreover, that VA police "assaulted" him en route to the county jail, Compl. 6, 9; *id.* Ex. 1 at 31, and that "[his] arrest was plan[n]ed" and "was clearly a false arrest and false imprisonment," *id.* Ex. 1 at 32.

　　　Beyond "prevent[ing] [him] from meeting" with an attorney a week after his arrest and release, plaintiff does not allege lasting harm.  Compl. Ex. 1 at 18.  Though suing for $2,575,000 in surgery costs, plaintiff admits that he "had rotator cuff tears and torn tendons in both shoulders" at the time of the arrest, Compl. 6, and attaches to his complaint medical reports that document his "prior [rotator cuff]

---

[3] In litigating his prior case before this Court, plaintiff indicated that he would be forced "to file for a motion of mistrail [sic]" if the judge before whom he was currently appearing felt that the motion that he was working on lacked merit.  Compl. Ex. 1 at 17.

[4] Attached to plaintiff's complaint are a police citation and a county jail booking card, indicating plaintiff's arrest for disturbing the peace, Cal. Penal Code § 415, and for resisting or obstructing an officer in his duties, Cal. Penal Code § 148.  Compl. Ex. 1 at 26, 27.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
CV 13-2405 DMR                                    3

1  tear," his history of "chronic shoulder pain," and the "[s]imilar appearance of [his] shoulder compared to

2  2006."  Compl. Ex. 1 at 23; *see also id.* at 21, 24.[5]

3  **III.    ARGUMENT**

4          **A.    Standards for Dismissal**

5                  **1.    Rule 12(b)(1) Standard**

6          A 12(b)(1) challenge is "facial," disputing the formal sufficiency of the pleadings to establish

7  federal jurisdiction, or "factual," disputing the substance of the jurisdictional allegations despite their

8  formal sufficiency.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Where a

9  challenge is facial, the district court determines "whether the allegations contained in the complaint are

10  sufficient on their face to invoke federal jurisdiction."  *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785,

11  793 (N.D. Cal. 2011).  Where a challenge is factual, the district court determines whether it can hear the

12  case before it by resolving factual disputes as to the existence of subject matter jurisdiction.  *Id.* (citing

13  *Safe Air for Everyone*, 373 F.3d at 1039).  In doing so, the district court "'need not presume the

14  truthfulness of the plaintiff's allegations'" and may review evidence beyond the complaint without

15  converting a motion to dismiss into one for summary judgment.  *Id.* (quoting *Safe Air for Everyone*, 373

16  F.3d at 1039).

17          "Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1),

18  the opposing party bears the burden of establishing the Court's jurisdiction."  *Id.* (citing *Kokkonen v.*

19  *Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d

20  1115, 1122 (9th Cir. 2010)).  Until a plaintiff presents admissible evidence to satisfy this burden, a

21  district court presumptively lacks subject matter jurisdiction.  *Ass'n of Am. Med. Colls. v. United States*,

22  217 F.3d 770, 778–79 (9th Cir. 2000).  In sum, a plaintiff must prove that jurisdiction exists in order to

23  survive a 12(b)(1) motion to dismiss.

24

25

26          [5] For additional factual detail as to what transpired on January 30, 2012, see Declaration of
27  James A. Scharf, Ex. A (Medical Record) and Ex. B (VA Police Investigative Report), filed herewith.
   The Court may consider these documents in resolving the jurisdictional issue of whether the acts and
28  omissions about which plaintiff complains are reviewable by the district court.  *St. Clair v. City of*
   *Chico*, 880 F.2d 199, 201 (9th Cir. 1989), *cert. denied*, 493 U.S. 993 (1989).

2.     **Rule 12(b)(6) Standard**

A 12(b)(6) challenge disputes "the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While "showing" entitlement to relief does not require "detailed factual allegations," it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must allege sufficient facts "to raise a right to relief above the speculative level," *Bell Atl. Corp.*, 550 U.S. at 555, because "only a complaint that states a plausible claim for relief survives a motion to dismiss," *Iqbal*, 556 U.S. at 679. Determining whether a complaint states a plausible claim for relief is a "context-specific task" that requires a court "to draw on its judicial experience and common sense." *Id.* Nonetheless, the precept that a court accepts as true a complaint's allegations does not apply to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice to state a claim. *Id.* at 678; *see also W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) ("We do not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."). Leave to amend may be granted unless it is clear that amendment cannot cure a complaint's deficiencies. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

B.     **This Court Lacks Jurisdiction over Plaintiff's Claims and Should Dismiss, Because 38 U.S.C. § 511 Precludes Judicial Review of Claims the Adjudication of Which Would Require the District Court to Review Benefits-Related Determinations by the Department of Veterans Affairs.**

1.     **The District Court Lacks Jurisdiction Not Only to Review VA Benefits Determinations But Also to Review VA Determinations that Relate to the Provision of Benefits.**

Sovereign immunity bars actions against the United States except where the United States clearly and explicitly consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "A [statutory] waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Id.* (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Waivers of immunity are strictly construed, in terms of scope, in favor of the sovereign, *Lane v. Pena*, 518 U.S. 187, 192 (1996), and the plaintiff bears the

1   burden to prove existence of the government's waiver, *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir.

2   1983).

3        In general, the district court lacks jurisdiction to review decisions and procedures by the

4   Department of Veterans Affairs relating to veterans' benefits.  *See Veterans for Common Sense v.*

5   *Shinseki*, 678 F.3d 1013, 1022–23 (9th Cir. 2012); *id.* at 1037 (holding that the district court lacked

6   jurisdiction to consider statutory and due process challenges to "alleged delays in the provision of

7   mental health care and to the absence of procedures to challenge such delays").  Section 511 of Title 38

8   of the United States Code provides that the Secretary of Veterans Affairs "shall decide all questions of

9   law and fact necessary to a decision by the Secretary under a law that affects the provisions of benefits

10  by the Secretary to veterans."  38 U.S.C. § 511(a).  A decision by the Secretary, furthermore, "shall be

11  final and conclusive and may not be reviewed by any other official or by any court," whether by

12  mandamus or otherwise.  *Id.*  Courts have understood § 511 to preclude judicial review of benefits-

13  related determinations made by the Secretary of Veterans Affairs,[6] except in a few narrow

14  circumstances, including equal protection claims.[7]  *See, e.g.*, *Hicks v. Small*, 69 F.3d 967, 970 (9th Cir.

15  1995) (finding no jurisdiction where claimant sued VA doctor for state law tort claims, because

16  adjudication "would necessitate a 'consideration of issues of law and fact involving the decision to

17  reduce Hicks' benefits'" (quoting *Hicks v. Small*, 842 F. Supp. 407, 413–14 (D. Nev. 1993))); *Chinnock*

18  *v. Turnage*, 995 F.2d 889, 893 n.2 (9th Cir. 1993) (finding no jurisdiction where the VA's construction

19  of a regulation governing radiation-based disability claims resulted in denial of a veteran's benefits

20  claim); *see also Weaver v. United States*, 98 F.3d 518, 519–20 (10th Cir. 1996) (finding no jurisdiction

21  where claimant sued for conspiracy and fraud, alleging that VA employees concealed his medical

22  records); *Zuspann v. Brown*, 60 F.3d 1156, 1159–60 (5th Cir. 1995) (finding no jurisdiction where

23  claimant alleged constitutional violations, because veteran was ultimately "complaining about a denial

24

25        [6] The Secretary of Veterans Affairs may, furthermore, "assign functions and duties, and delegate, or authorize successive redelegation of, authority to act and to render decisions" and that acts and

26  decisions delegated "shall have the same force and effect" as though rendered by the Secretary.  38 U.S.C. § 512.

27        [7] These exceptions, for which judicial review is proper, pertain to information publicity,

28  rulemaking procedure, insurance, housing and small business loans, and the operations of the Court of Appeals for Veterans Claims.  38 U.S.C. § 511(b).

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
CV 13-2405 DMR                                      6

1   of benefits"); *Sugrue v. Derwinski*, 26 F.3d 8, 10–11 (2d Cir. 1994) (finding no jurisdiction, because

2   "the courts do not acquire jurisdiction to hear challenges to benefits determinations merely because

3   those challenges are cloaked in constitutional terms").

4          Synthesizing these cases and many others, the Ninth Circuit has concluded that § 511 "precludes

5   jurisdiction over a claim if it requires the district court to review 'VA decisions that relate to benefits

6   decisions.'" *Veterans for Common Sense*, 678 F.3d at 1025 (quoting *Beamon v. Brown*, 125 F.3d 965,

7   971 (6th Cir. 1997)).  This preclusion extends not only to "cases where adjudicating veterans' claims

8   requires the district court to determine whether the VA acted properly" in handling a benefit requests but

9   also to "decisions that may affect such cases." *Id.*  According to the Ninth Circuit, this standard fpr the

10  nonreviewability of VA benefit provision decisions is "consistent with Congress's intention to 'broaden

11  the scope' of the judicial preclusion provision." *Id.* (citing H.R. Rep. No. 100–963, at 27 (1988)).

12         The text of § 511 indicates, moreover, that the bar to judicial review is not limited to adjudicative

13  benefits decisions but extends to nonadjudicative decisions, such as those formulating and implementing

14  policies and procedures.  Enumerated exceptions to the bar to judicial review include nonadjudicative

15  decisions, such as the vestment of exclusive jurisdiction in the United States Court of Appeals for the

16  Federal Circuit over disputes involving "rule making," "rules of procedure," and "statements of the

17  general course and method by which [the agency's] functions are channeled and determined." *See* 38

18  U.S.C. § 511(b); 5 U.S.C. §§ 552(a)(1), 553.  Because Congress expressly permits review of certain

19  nonadjudicative decisions, unquestionably the bar to review extends to nonadjudicative decisions as

20  well.  *See Veterans for Common Sense*, 678 F.3d at 1028 (finding that the district court lacked

21  jurisdiction over claims that delays in benefits decision processing violated due process, because in

22  order to issue a remedy the court "would have to prescribe [processing] procedures . . . and supervise

23  [their] enforcement," thereby "embroil[ing] [itself] in the day-to-day operation of the VA").

24                 **2.      Review of Plaintiff's Claims Would Require the District Court Improperly to
                            Review a VA Determination Under a Law Affecting the Provision of Benefits.**

25         The Ninth Circuit has observed that "the Department [of Veterans Affairs] has the authority to

26  take corrective and disciplinary action 'to promote good conduct on the part of persons who are

27  receiving [medical] services in Department facilities.'" *Journey v. United States*, 316 Fed. App'x 670,

28

1   671 (9th Cir. 2009) (quoting 38 U.S.C. § 1721) (citing 38 C.F.R. § 17.107 (formerly § 17.106)

2   (providing Department facilities with authority to take corrective and disciplinary action to ensure the

3   good conduct of veterans receiving treatment); 38 C.F.R. § 17.100 (allowing for discontinuation of

4   treatment for noncooperative patients who do not keep medical appointments)).  In issuing and

5   enforcing such regulations as sections 17.100 and 17.107, the VA inevitably alters access to and

6   provision of medical benefits.  Because reviewing a decision instituting time, place, and manner

7   restrictions on a particular patient's care would abrogate the VA's prerogative to make and to enforce

8   determinations under laws "affect[ing] the provision of benefits," thereby violating 38 U.S.C. § 511, the

9   district court lacks jurisdiction to review behavioral restrictions made pursuant to 38 C.F.R. § 17.107.

10          Plaintiff's tort claims comprise an objection to the manner in which SFVAMC may provide his

11  medical care.  Though plaintiff cloaks his allegations in constitutional language, his claims dispute

12  SFVAMC's authority under 38 C.F.R. § 17.107 to restrict the time, place, and manner in which plaintiff

13  receives his care and to enforce such restrictions.  Plaintiff asserts that the VA can neither deny a veteran

14  "medication [or] medical care" nor restrict the time, place, and manner of his care nor withhold a fee

15  card allowing him to obtain care elsewhere while his restrictions require that he be cared for at the

16  SFVAMC.  Compl. 5, 6, 8.  Raising "numerous issues with his care," Compl. Ex. 1 at 6, plaintiff admits

17  that his claims "grew out of [each] other," arising from the SFVAMC's decision to modify the manner

18  in which he receives medical benefits and to mark his medical charts with a behavioral flag in order to

19  forewarn clinicians and medical care personnel of potential outbursts and disruptive behavior by

20  plaintiff, Compl. 4.

21          Empowered to regulate the manner in which proof and evidence are used in evaluating veterans'

22  rights to benefits as well as the manner in which investigations and medical examinations are carried

23  out, *see* 38 U.S.C. § 501(a), the VA retains final decisionmaking authority over the creation and

24  enforcement of regulations "promot[ing] good conduct on the part of persons who are receiving

25  [medical] care . . . in [VA] facilities," 38 U.S.C. § 1721.  This Court's review of plaintiff's claims that

26  the SFVAMC violated his right to due process and committed tortious acts by imposing and enforcing

27  behavioral restrictions on the provision of his medical benefits would "embroil [it] in the day-to-day

28  operation of the VA."  *Veterans for Common Sense*, 678 F.3d at 1028.  In attempting to remedy

1   plaintiff's alleged wrongs, this Court would need to prescribe and to manage procedures by which the

2   VA may make decisions regarding the manner in which it provides medical benefits to patients it deems

3   or has deemed "disruptive."  Without an explicit waiver of federal sovereign immunity as to the

4   decisions and procedures by which the VA provides benefits, it would be improper for this Court to

5   consider plaintiff's dispute that the VA has wrongfully modified the time, place, and manner of his

6   medical care.  Because plaintiff has not pointed to and cannot point to a waiver of federal sovereign

7   immunity, and because this Court consequently lacks jurisdiction to consider plaintiff's dispute over the

8   provision of his medical benefits, this Court should dismiss his claims with prejudice.

9      **C.**     **Alternatively this Court Lacks Jurisdiction over Plaintiff's Claims and Should**
**Dismiss, Because Plaintiff's Claims Variously Are Not Legally Cognizable, May Not**
10      **Be Alleged Against the United States Under the FTCA, and Are Not Plausibly Pled**
**with Sufficient Facts.**

11

12      **1.**     **Plaintiff's Claim for "Staging Conflicts Situations" Is Not Legally**
**Cognizable, and to the Extent that the Gravamen of Such a Claim Is**
**Misrepresentation or Fraud, Plaintiff May Not Sue the United States for**
13      **Misrepresentation or Fraud Under the FTCA.**

14        Through the FTCA, Congress has waived federal sovereign immunity from tort liability only

15   "under circumstances where the United States, if a private person, would be liable to the claimant in

16   accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1); *see*

17   *also id.* § 2674; *United States v. Olson*, 546 U.S. 43, 44 (2005).  Therefore California law governs the

18   United States' liability in this case.

19        Because "staging conflicts situations" is neither legally cognizable nor a tort for which a private

20   party may be held liable under California law, and because therefore the United States may not be held

21   liable for this claim, the Court lacks subject matter jurisdiction to hear it.

22        To the extent that the Court construes "staging conflicts situations" as a claim for fraud,

23   misrepresentation, or another related tort under California law, the claim is barred nonetheless.  While

24   the FTCA permits lawsuits against the United States for certain torts and in expressly prescribed

25   circumstances, Congress has not waived immunity for all state law torts.  *See* 28 U.S.C. § 1346(b); 28

26   U.S.C. §§ 2671–2680.  Under the FTCA the United States cannot be sued or held liable for "[a]ny claim

27   arising out of . . . libel, slander, misrepresentation, [or] deceit" allegedly committed by its employees.

28   28 U.S.C. § 2680(h); *see also Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981)

1   (explaining that § 2680(h) bars claims of fraud, conspiracy, and misrepresentation).  The Ninth Circuit

2   has held, moreover, that a suit is barred "[i]f the gravamen of [a plaintiff's] complaint is a claim for an

3   excluded tort under § 2680(h)."  *Snow-Erlin v. United States*, 470 F.3d 804, 808 (9th Cir. 2006) (citing

4   *Sheehan v. United States*, 896 F.2d 1168, 1171 (9th Cir. 1990)), *cert. denied*, 552 U.S. 811 (2007).

5   Courts in the Ninth Circuit must "look beyond [the party's] characterization to the conduct on which the

6   claim is based" in determining whether a claim is barred by § 2680(h).  *Id.* (alteration in original).

7          The gravamen of plaintiff's claim for "staging conflicts situations" is that the United States

8   allegedly misrepresented facts to plaintiff's detriment, effectively committing an intentional tort like

9   misrepresentation or fraud.  Because under § 2680(h) the federal government may not be held liable for

10  such intentional torts, the Court lacks jurisdiction to hear plaintiff's claim for "staging conflicts

11  situations" or any tort reasonably construed from it and should dismiss this claim.

12          **2.      Plaintiff May Not Sue the United States for Violation of His Right to Due
                       Process Under the FTCA.**

13

14          As noted above, the United States possesses sovereign immunity except where it consents to be

15  sued.  *Mitchell*, 445 U.S. at 538.  Congress has not waived federal immunity, moreover, in actions

16  seeking damages from the United States for constitutional violations.  *Thomas-Lazear v. F.B.I.*, 851 F.2d

17  1202, 1207 (9th Cir. 1988); *see F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).  While municipalities may

18  be held liable under 42 U.S.C. § 1983 for maintaining customs, policies, or practices that violate

19  persons' constitutional rights, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), no similar

20  doctrine applies to the federal government, *see Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir.

21  2011) (citing *Meyer*, 510 U.S. at 478); *see also Hightower v. United States*, 205 F. Supp. 2d 146, 155

22  (S.D.N.Y. 2002).[8]

23          Because the FTCA does not waive the United States' immunity from claims for violation of

24  constitutional due process rights, plaintiff may not bring a claim alleging such.  Consequently this Court

25  lacks jurisdiction to hear this claim and should dismiss.

26

27          [8] In *Daniels v. Williams*, 474 U.S. 327 (1986), moreover, the Supreme Court reasoned that a
    plaintiff may not "constitutionalize" a state law tort by claiming that negligent government misconduct
28  is a violation of constitutional rights.  "The Due Process Clause is simply not implicated by a negligent
    act of an official causing unintended loss of or injury to liberty or property."  *Daniels*, 474 U.S. at 328.

### 3.     Plaintiff May Not Sue the United States for Slander Under the FTCA.

Possessing sovereign immunity except where explicitly consenting to be sued, the United States has not waived immunity from "[a]ny claim arising out of . . . libel [or] slander" allegedly committed by its employees.  28 U.S.C. § 2680(h); *see also Moore v. United Kingdom*, 384 F.3d 1079, 1088 (9th Cir. 2004) (explaining that § 2680(h) bars claims of libel and slander).  Here plaintiff alleges slander, a tort explicitly excluded from Congress's waiver of sovereign immunity under the FTCA.  Because the Court lacks subject matter jurisdiction over "excluded tort[s] under § 2680(h)," it should dismiss plaintiff's claim for slander.  *See, e.g.*, *Journey*, 316 Fed. App'x at 671 (upholding dismissal of a defamation claim "as barred by the FTCA").

### 4.     Plaintiff Has Not Alleged Sufficient Facts to State a Claim for False Imprisonment.

As noted above, courts determine the United States' liability under the FTCA according to the law of the state where an alleged tortious act or omission occurred, California in this case.  28 U.S.C. § 1346(b)(1); *id.* § 2674; *Olson*, 546 U.S. at 44; *Tekle v. United States*, 511 F.3d 839, 853 (2006).  Under California law, false arrest and false imprisonment are treated as one tort.  *Watts v. Cnty. of Sacramento*, 256 F.3d 886, 891 (9th Cir. 2001).  The elements of a claim for false imprisonment under California law are: "'(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'"  *Tekle*, 511 F.3d at 854 (quoting *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (Cal. Ct. App. 2000)).

Plaintiff, however, has not pled facts sufficient to state a plausible claim of false imprisonment; in particular plaintiff has not pled and cannot plead facts as to the lawful privilege element of the tort.  He may not simply deny that the arresting officers had lawful privilege but must point to at least some evidence that they did not.  *See* Compl. Ex. 1 at 12, 13.  Though plaintiff declares that the SFVAMC allegedly "now [admits] that [he] did check in with the police" before going to his appointment, he acknowledges that he "showed up without a police escort" and that the VA police's asserted probable cause was that he did so.  Compl. Ex. 1 at 13.  Plaintiff attributes this inconsistency to the purported existence of "two diffrent [sic] sets of instructions," Compl. Ex. 1 at 13, yet he provides evidence of only one set, Compl. Ex. 1 at 28–29; *id.* Ex. 2 at 50–51; *id.* Ex. 4 at 2–3.  Nor does plaintiff deny that he

1  committed the acts for which he was cited on the police citation that he attaches to his complaint.[9]

2  While under the FTCA the United States' lawful privilege for an arrest is that of a private party and not

3  of a law enforcement officer—in other words officers arresting persons for offenses lesser than felonies

4  must personally witness the offenses—plaintiff offers no facts to suggest that the VA police arresting

5  him lacked lawful privilege to do so.  *See Tekle*, 511 F.3d at 854.  Because plaintiff has not stated nor

6  can state a plausible claim of false imprisonment, the Court should dismiss.

7           **5.     Plaintiff's Claims for "Public Humiliation" and "Pain and Suffering" Are
                     Not Legally Cognizable, and to the Extent that the Gravamen of "Public
8                    Humiliation" is Intentional Infliction of Emotional Distress, Plaintiff Has Not
                     Alleged Sufficient Facts to State Such a Claim.**

9          "Public humiliation" and "pain and suffering" are neither legally cognizable nor torts for which a

10  private party may be held liable under California law.[10]  Because the United States may not be held

11  liable for these claims, the Court lacks jurisdiction to consider them.

12          To the extent that the Court construes "public humiliation" as intentional infliction of emotional

13  distress or a related tort, plaintiff has not alleged sufficient facts to state a plausible claim for it.  The

14  elements of intentional infliction of emotional distress under California law are: (1) extreme and

15  outrageous conduct done with the intention of causing, or reckless disregard of the probability of

16  causing, emotional distress, (2) a person's suffering severe or extreme emotional distress, and (3) actual

17  and proximate causation of the distress by the conduct.  *Tekle*, 511 F.3d at 855 (citing *Davidson v. City*

18  *of Westminster*, 32 Cal. 3d 197, 209 (Cal. 1982)).

19          Plaintiff has not alleged and cannot allege sufficient facts as to any of the elements of intentional

20  infliction of emotional distress.  Conduct is "outrageous" if it is "'so extreme as to exceed all bounds of

21  that usually tolerated in a civilized community.'"  *Id.* (quoting *Davidson*, 32 Cal. 3d at 209).  In *Avina v.*

22  *United States*, the court found "outrageous" that law enforcement officers, after entering a mobile home

23  guns drawn, yelled at an eleven-year-old and her fourteen-year-old sibling to "[g]et down on the

24  [fuck]ing ground," forced the siblings to lie face down on the ground while handcuffed for half an hour,

25

26          [9] Under 38 U.S.C. §§ 901–902 and 38 C.F.R. § 1.218, furthermore, VA police are authorized to
    arrest persons causing disturbances on VA property, regardless of whether such persons are medical
27  facility patients with behavioral restrictions on the provision of their care.

28          [10] "Pain and suffering" is a kind of damages and not a theory of relief on which any defendant
    may be held liable.

1    and pointed guns at the eleven-year-old's head as though about to shoot her. 681 F.3d 1127, 1129–30

2    (9th Cir. 2012). Nothing in plaintiff's complaint, meanwhile, shows "outrageous" conduct on the part of

3    VA police; plaintiff alleges that police put handcuffs on him, led him down the hallway in a "lockhold"

4    such that anyone in the same hallway would have seen him, held him against a wall in a holding cell,

5    searched him, put him on the floor of a police car because he "did not fit" otherwise, "took the long way

6    to the jail," and sat him in a chair outside the jail before he was booked. Compl. Ex. 1 at 12–14. In

7    alleging that the officers intended to cause emotional distress, plaintiff simply concludes that everything

8    was done with "malice." *Id.* Ex. 1 at 18. Allegations of "severe emotional distress" must rise above

9    such symptoms as insomnia, hopelessness, and worry regarding personal safety, particularly when

10   unmitigated, *de la Cerra Frances v. de Anda*, 224 Fed. App'x 637, 639 (9th Cir. 2007), and plaintiff has

11   alleged nothing beyond intimidation and humiliation at the time of the arrest. *See* Compl. 8; *id.* Ex. 1 at

12   17. Nor does plaintiff allege facts to show that such humiliation resulted or could have resulted from the

13   arrest procedures that he describes. Disregarding plaintiff's legal conclusions in determining whether he

14   has stated a plausible claim, this Court should find that plaintiff has not alleged sufficient facts to state a

15   claim for intentional infliction of emotional distress.

16            **6.    Plaintiff's Claims for "First Degree Criminal Assault" and "Torture and
                      Terrorizing" Are Not Legally Cognizable, and to the Extent that the
17                    Gravamens of Such Claims are Assault and Battery, Plaintiff Has Not
                      Alleged Sufficient Facts to State Claims for Assault and Battery.**

18            "First degree criminal assault" and "torture and terrorizing" are neither legally cognizable nor

19   torts for which a private party may be held liable under California law. Because the United States thus

20   may not be held liable for these claims, the Court lacks jurisdiction to hear them.

21            To the extent that the Court construes plaintiff's claims for "first degree criminal assault" and

22   "torture and terrorizing" as claims for assault, battery, or related torts, plaintiff has not alleged sufficient

23   facts to state plausible claims for them. The elements of assault under California law are: (1) the threat

24   to touch a person in a harmful or offensive manner, (2) the reasonableness that the threat would be

25   carried out, (3) the person's lack of consent to the conduct, (4) the harm to the person, and (5) the threat

26   was a substantial factor in causing the harm. *Tekle*, 511 F.3d at 855. The elements of battery under

27   California law are: (1) an intentional act resulting in harmful or offensive contact with a person, (2) the

28

1  person's lack of consent to the contact, and (3) the contact's causation of injury, damage, loss, or harm

2  to the person.  *Id.*  Because police officers must often touch nonconsenting persons, a plaintiff alleging

3  battery by an officer must put forth facts as to an additional element: (4) that the officer used

4  unreasonable force.  *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1051 (N.D. Cal. 2006).

5        Plaintiff has not alleged and cannot allege sufficient facts as to the reasonableness of threat,

6  harm, and causation elements of the tort of assault and as to the unreasonable force, harm, and causation

7  elements of the tort of battery.  While plaintiff alleges that VA police yelled at him that they would beat

8  him up, he does not allege that this happened or seemed at all likely to happen; officers merely held him

9  against a wall.  Compl. Ex. 1 at 14–15.  And while plaintiff alleges that he was handcuffed and put in a

10  "lockhold" while being escorted from the hospital to the VA police holding cell, he fails to show that the

11  VA police used unreasonable force and that he was harmed as a result.  *Id.* Ex. 1 at 14.  Instead he points

12  out that the arresting officer complied with his request to "take the hold off of [his] right arm[] and put it

13  on [his] left," accommodating his discomfort.  *Id.* Ex. 1 at 14.  If plaintiff indeed was disturbing the

14  peace and obstructing an officer in his duties, which he does not deny, then it would have been

15  reasonable, furthermore, for VA police to have used somewhat greater force than normal in order to

16  restrain him and to protect nearby clinicians and patients.[11]  While plaintiff concludes that VA police

17  "cause[d] [his] injury," *id.* Ex. 1 at 11, he admits throughout his complaint that he had his shoulder

18  injuries at the time of the arrest.  Compl. 6; *id.* Ex. 1 at 14.  Therefore, disregarding plaintiff's recurrent

19  conclusions that VA police "assaulted" him, the Court should find that plaintiff has failed to state claims

20  for assault and battery.

21  **IV.    CONCLUSION**

22        Because through his complaint plaintiff attempts to dispute the manner in which the SFVAMC

23  may regulate and enforce its provision of medical benefits, and because 38 U.S.C. § 511 precludes this

24  Court from reviewing decisions and procedures enacted "under a law that affects the provisions of

25  benefits," this Court lacks jurisdiction to consider plaintiff's claims.  Even if the acts or omissions about

26

27      [11] In addition to enforcing general regulations regarding the use of VA property, *see* 38 C.F.R. §
1.218(a)–(b), VA police are obligated to enforce "other Federal laws on VA property in accordance with

28  the policies and operating procedures issued by respective VA administration directors and under the
direction of the head of the facility," *id.* at § 1.218(c)(1).

which plaintiff complains were reviewable in the district court, most of plaintiff's claims are barred by sovereign immunity pursuant to the provisions of the FTCA.  And even if plaintiff could identify a tort cognizable under the FTCA, he has not identified sufficient facts to support a plausible claim against defendant within the meaning of *Iqbal* and *Twombly*.  As most of these defects are fundamental and incurable, this Court should dismiss this case in its entirety with prejudice.

Respectfully submitted,

Dated: August 13, 2013                    MELINDA HAAG
                                          UNITED STATES ATTORNEY


                                          /s/  James A. Scharf
                                   By:    JAMES A. SCHARF
                                          Assistant U.S. Attorney