UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-13-2405 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST THE UNITED STATES**<br><br>**(Docket Nos. 47, 51)** |

    Plaintiff, James Ellis Johnson, filed suit against the United States, the City and County of San Francisco, three employees of the Department of Veterans Affairs Medical Center in San Francisco, the Mayor of San Francisco, and the Sheriff of the City and County of San Francisco. *See* Docket No. 1. Plaintiff asserted nine causes of action arising from alleged misconduct by the Department of Veterans Affairs Police and the San Francisco County Jail and Sheriff. Currently pending before the Court is Plaintiff's motions for entry of default and default judgment against the United States.

    The Court **DENIES** Plaintiff's motions for the reasons set forth below.

### I.    FACTUAL & PROCEDURAL BACKGROUND

    Plaintiff filed the complaint on May 28, 2013. The United States Attorney of the Northern District ("USAND") was served with the complaint on May 29, 2013 and the summons on June 3, 2013.[1] *See* Docket Nos. 10, 11, 33. The United States first responded to the complaint on August

---

[1] Plaintiff's Motion states that the summons was served on June 4, 2013, but the proof of service states the date as June 3, 2013. *See* Docket No. 10.

1    13, 2013, by filing a motion to dismiss. *See* Docket No. 22. Sixty days after service of the
2    summons would have been August 2, 2013.

3    On August 4 and 5, 2013, Plaintiff had inquired at the Clerk's Office whether the United
4    States had responded to his complaint, but was told that he should wait until August 8, 2013, in case
5    the United States had sent a response by mail. *See* Docket Nos. 42 at 1 and 47 at 3.

6    On August 7, 2013, Plaintiff met with attorney Manjari Chawla at the Legal Help Center to
7    see if Plaintiff had overlooked anything that would allow the United States not to respond. *See*
8    Docket No. 51 at 1. Attorney Chawla advised Plaintiff to serve the complaint and summons also on
9    the Attorney General of the United States and the Secretary of Veterans Affairs. *Id*. at 1-2. She also
10   advised Plaintiff to serve the USAND again, this time with a copy of the complaint and summons
11   together. *Id*. at 2. Attorney Chawla advised Plaintiff that the Court would "never agree to a default
12   judgment" and advised Plaintiff to give the United States another 60 days. *Id*. Plaintiff mailed the
13   documents to the USAND on August 12, 2013, which the USAND received on August 13, 2013.
14   *See id.*; Docket No. 38 at 2. Plaintiff met with Attorney Chawla again in late September. *Id*. She
15   told Plaintiff that the Court would not enter default judgment against the United States because the
16   United States had already responded on August 13, 2013. *Id*. at 2-3.

17   On August 20, 2013, Plaintiff requested the Clerk to enter default against the United States.
18   *See* Docket No. 37. The next day, the United States filed an opposition to Plaintiff's request. *See*
19   Docket No. 38. The United States asserted that Plaintiff had not perfected service on it because
20   Plaintiff had not sent a copy of the complaint and summons by registered or certified mail to the
21   Attorney General of the United States as required under Federal Rules of Civil Procedure Rule
22   4(i)(1)(B) nor to the Department of Veterans Affairs ("VA") as required under Federal Rules of
23   Civil Procedure Rule 4(i)(1)(C). *Id*. at 1. It also asserted that the initial service on the USAND was
24   technically deficient because the complaint and summons were served separately. *Id*. at 2. On
25   August 22, 2013, the Clerk declined to enter default. *See* Docket No. 39.

26   On August 29, 2013 and again on September 30, 2013, Plaintiff filed motions for entry of
27   default and default judgment. *See* Docket Nos. 47, 51. In the August 29 motion, Plaintiff asserts
28   that the Clerk should not have declined to enter default. *See* Docket No. 47 at 3. He asserts that the

1 Clerk should have entered default on August 8, 2013 because the Clerk knew by then that the United
2 States had failed to respond by the August 2, 2013 deadline. *Id*. In the September 30 motion, he
3 asserts that Attorney Chawla gave him incorrect advice that he should serve the USAND a second
4 time and "withheld information" from him that he needed to file a motion for default judgment
5 before the United States responded. *See* Docket No. 51 at 3. In addition to moving for default
6 judgment, he requests the Court to rule that Attorney Chawla committed misconduct. *Id*.

## II. DISCUSSION

### A. Legal Standard

In general, a summons must be served with a copy of the complaint. Fed. R. Civ. P. 4(c). To serve the United States, a plaintiff must serve a summons and the complaint on each of the following: (1) the United States attorney in the district where the action is brought; (2) the Attorney General of the United States at Washington D.C.; and (3) every nonparty agency of the United States whose order the action challenges. Fed. R. Civ. P. 4(i).

Once the United States is served, it has 60 days to respond. Fed. R. Civ. P. 12(a)(2). If a party fails to respond by the deadline, the plaintiff may request the clerk of the court to enter default. Fed. R. Civ. P. 55(a). The clerk of the court must enter the party's default upon proof of the failure to respond by the deadline. *Id*. The court may set aside entry of default for good cause. Fed. R. Civ. P. 55(c).

It is within the discretion of the court to deny a motion for default judgment. *See id.; Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). Default judgments are disfavored because of "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). A default judgment may be entered against the United States only if the plaintiff establishes a claim or right to relief by evidence that satisfies the court. Fed. R. Civ. P. 55(d).

### B. Application

The United States is correct that service on it was incomplete because Plaintiff failed to also serve the Attorney General of the United States and the VA, given that the VA is not a party to the suit and Plaintiff challenges the VA's order of behavioral restriction placed on him. *See* Fed. R. Civ.

3

1 P. 4(i); Compl. at 2, 5, 8. Because the United States was not properly served, the 60-day period did not begin to run. *See* Fed. R. Civ. P. 12(a)(2). Therefore, the Clerk of the Court was not required to enter default. *See* Fed. R. Civ. P. 55(a). This conclusion is not affected by whether the USAND was served on June 3, 2013 or on August 13, 2013, when it received the summons and complaint together.

Even if the Clerk had entered default on August 8, 2013, the Court would have set it aside. An entry of default is little good to Plaintiff unless the Court enters a default judgment for Plaintiff. This the Court will not do. The United States filed a motion to dismiss on August 13, 2013, clearly indicating its intent to defend the suit. Even if it were 5 days late, the Federal Rules of Civil Procedure favors the route that can lead to a disposition of the case on the merits, where both sides present their case. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Moreover, the Court can enter default judgment against the United States only if Plaintiff establishes a right to relief by evidence that satisfies the Court. *See* Fed. R. Civ. P. 55(d). Plaintiff has not met this burden. To obtain relief, Plaintiff will need to prove the VA Police misconduct he alleges. He will also need to prove the damages of over $2 million that he demands from the United States. *See* Compl. at 10.

Finally, Attorney Chawla did not commit misconduct. She was correct that the complaint should be served together with the summons. *See* Fed. R. Civ. P. 4(c). More importantly, she was correct that the Court would not grant default judgment under these circumstances, for the reasons explained above.

Thus, the Court **DENIES** Plaintiff's motions for entry of default and default judgment.

This order disposes of Docket Nos. 47 and 51.

IT IS SO ORDERED.

Dated: October 8, 2013

_____
EDWARD M. CHEN
United States District Judge

4