UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-13-2405 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**<br><br>**(Docket Nos. 58, 59)** |

    Plaintiff, James Ellis Johnson, filed suit against the United States, the City and County of San Francisco, several employees of the Department of Veterans Affairs Medical Center in San Francisco, the Mayor of San Francisco, and the Sheriff of the City and County of San Francisco. Plaintiff alleged police misconduct by the Department of Veterans Affairs Police and the San Francisco County Sheriff.

    Asserting that the United States was late in responding to the complaint, Plaintiff had filed motions for entry of default and default judgment against the United States. The Court denied the motions on October 8, 2013. Currently pending before the Court is Plaintiff's motion for leave to file a motion to reconsider and motion to reconsider ("Motion") the Court's order of October 8 ("Order"). The Court **DENIES** Plaintiff's motion to reconsider for the reasons set forth below.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff served the United States Attorney of the Northern District ("USAND") a copy of his complaint on May 29, 2013 and a copy of the summons on June 3, 2013. *See* Docket Nos. 10, 11, 33. On August 12, 2013, he mailed a copy of the complaint and the summons together to the

1 USAND. *See* Docket No. 51. He also sent the documents by certified mail to the United States
2 Attorney General at Washington D.C. ("Attorney General") and the Secretary of the United States
3 Department of Veterans Affairs ("Secretary"). *See* Docket No. 47, Exh. 1. The United States
4 responded to the complaint on August 13, 2013. *See* Docket No. 22. Sixty days after June 3, 2013
5 would have been August 2, 2013.

On August 4 and 5, 2013, Plaintiff was in communication with the Clerk's Office about when the United States was required to respond. *See* Docket No. 47. On August 20, 2013, Plaintiff requested the Clerk to enter default against the United States, which the Clerk refused on August 22, 2013. *See* Docket Nos. 37, 39. On August 29, 2013 and September 30, 2013, Plaintiff filed motions for entry of default and default judgment. *See* Docket Nos. 47, 51.

The Court denied Plaintiff's motions on two grounds. *See* Docket No. 52. First, the Clerk was not required to enter default because the United States was not late in responding. Second, even if the United States had been late, and the Clerk had entered default, the Court would have set the default aside because the Court would not enter default judgment against the United States. The Court explained that the Federal Rules of Civil Procedure favors a disposition on the merits and that Plaintiff had not established a right to relief by evidence that satisfied the Court, as required under Federal Rules of Civil Procedure 55(d).

## II. DISCUSSION

In this Motion, Plaintiff asserts that the Court erred. Plaintiff argues that "there is no law that says all three of those parties [the USAND, the Attorney General, and the Secretary] have to be served at the same time" and that Federal Rules of Civil Procedure "Rule 4(m) gives Plaintiff 120 days to serve all the parties." Mot. at 2.

Plaintiff's understanding is mistaken. Federal Rules of Civil Procedure 4(i)(1) sets out the requirements to serve the United States. Until those requirements are met, the United States has not been served. Since the United States was served no earlier than when Plaintiff mailed the copies of the complaint and summons to the Attorney General and the Secretary, service could not have been perfected before August 12, 2013. The United States was well within the 60-day limit when it responded on August 13, 2013. Therefore, the Clerk was correct not to enter default.

Rule 4(m) is not at issue. Rule 4(m) requires a plaintiff to serve a defendant within 120 days of filing the complaint, or otherwise face dismissal with respect to that defendant. *See* Fed. R. Civ. P. 4(m). Applied to the present case, it requires Plaintiff to serve the United States within 120 days of filing the complaint. It does not support Plaintiff's contention that serving only the USAND triggered the 60-day period in which the United States was required to respond.

The Court did previously err in that it believed Plaintiff had not mailed copies of the complaint and summons to the Attorney General and the Secretary. This, however, does not affect the Order's conclusions that the United States was not late, and, therefore, that the Clerk was correct not to enter default, as discussed above.

Furthermore, as explained in the Order, the Court will not enter default judgment against the United States because Plaintiff has not established a right to relief by evidence that satisfies the Court. To obtain relief, Plaintiff must prove the police misconduct he alleges and the damages of over $2 million he demands. Entry of default judgment under these circumstances would both violate Rule 55(d) and contravene "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

Thus, the Court **DENIES** Plaintiff's motion to reconsider.

This disposes of Docket Nos. 58 and 59.

IT IS SO ORDERED.

Dated: November 5, 2013

_____
EDWARD M. CHEN
United States District Judge

3