**United States District Court**
For the Northern District of California

1
2
3
4
5                           UNITED STATES DISTRICT COURT
6                          NORTHERN DISTRICT OF CALIFORNIA
7
8    JAMES ELLIS JOHNSON,                          No. C-13-2405 EMC
9              Plaintiff,
10        v.                                       **ORDER TO SHOW CAUSE**
11   UNITED STATES OF AMERICA, *et al.*,
12             Defendants.
13   _____/
14
15        On May 28, 2013, Plaintiff, James Ellis Johnson, a United States veteran, filed a complaint
16   against the United States and several other defendants.  Plaintiff brought several tort causes of
17   action, alleging that the Department of Veterans Affairs Police ("Police") used excessive force
18   during an arrest on January 30, 2012.  Plaintiff also alleged a constitutional violation, alleging that
19   the San Francisco Veterans Affairs Medical Center violated his due process rights because it placed
20   behavioral restrictions on him and deprived him of medical benefits without a hearing.  Pending
21   before the Court is the United States' motion to dismiss.  Docket No. 22.
22        The Federal Tort Claims Act requires a claimant to have first "presented" his claim to the
23   "appropriate federal agency" and receive a denial before instituting an action against the United
24   States.  28 U.S.C. § 2675.  The claim is "presented" when it is received by the agency within two
25   years after the claim accrues.  *See Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1251 (9th Cir. 2006).
26   If the agency fails to make a "final disposition of a claim within six months after it is filed," the
27   claimant may deem this to be a denial of the claim.  28 U.S.C. § 2675.
28

**United States District Court**
For the Northern District of California

"The claim requirement of section 2675 is jurisdictional in nature and may not be waived." *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985). "[T]he jurisdictional requirement of minimum notice is satisfied by '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Id.* (quoting *Warren v. United States Department of the Interior Bureau of Land Management*, 724 F.2d 776, 780 (9th Cir. 1984)).

Plaintiff has attached to his Opposition to the United States the first sheet of a claim form. Docket No. 45 at 93. The form is  addressed to the Office of Regional Counsel in San Francisco. It is dated April 23, 2012, which is well within two years of when Plaintiff was arrested, and more than six months before Plaintiff filed this action. Plaintiff states on the form that he is attaching the letter to Judge Beeler and other documents, including MRI reports, which describe Plaintiff's injury. He also states a sum certain of $2 million. However, there is no proof that the form and attached documents were received.

The United States does not assert that Plaintiff has failed to meet the jurisdictional requirements of Section 2675 (except to the extent that Plaintiff's due process claim sounds in tort) and moves to dismiss on other grounds. Nonetheless, because Section 2675 is a jurisdictional requirement that cannot be waived, the Court lacks jurisdiction to hear Plaintiff's tort claims unless the "appropriate federal agency" has received Plaintiff's documents. The United States shall file by December 2, 2013 a statement indicating whether the claim form and attached documents were received.

IT IS SO ORDERED.

Dated:  November 22, 2013

_____
EDWARD M. CHEN
United States District Judge