UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-13-2405 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(Docket No. 80)** |

Plaintiff, James Ellis Johnson, a United States veteran, filed a complaint ("Complaint") against the United States, the City and County of San Francisco ("CCSF"), and a number of their employees. Plaintiff alleged that the San Francisco Veterans Affairs Medical Center ("SFVAMC") violated his constitutional rights by depriving him of medical benefits to which he was entitled. Plaintiff also alleged that the Department of Veterans Affairs ("VA") police ("Police") used excessive force and humiliated him during an arrest, and that the Sheriff of the CCSF stood by and did nothing. Plaintiff is pro se.

The United States and the CCSF filed motions to dismiss the Complaint. Docket Nos. 14, 22. The Court issued an order granting in part and denying in part the United States' motion, and granting the CCSF's motion ("Order"). Docket No. 75. The Court gave Plaintiff leave to amend certain causes of action.

Currently pending before the Court is Plaintiff's Motion for Reconsideration of the Order ("Motion"). The Court **DENIES** Plaintiff's Motion for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The SFVAMC banned Plaintiff from their medical center between March 2007 and July 2011 (the "Ban"). Compl. at 5; Exhibits to Complaint ("Exh.") at 74. Pursuant to the Ban, the SFVAMC placed a "behavioral flag" on Plaintiff's record in the VA's national computer database, indicating that Plaintiff could "only receive emergency care," citing "repeated threats against staff members." Exh. at 74. In August 2011, Plaintiff was permitted back at the SFVAMC, but was under an "order of behavioral restriction" ("OBR"), which requires Plaintiff to check in with VA Police upon arrival for medical appointments. Exh. at 28. The OBR is still in effect. Compl. at 7. A behavioral flag on Plaintiff's record indicates the restrictions of the OBR. Exh. at 73. The notation indicates that the behavioral flag was initially assigned in March 2007. *Id*.

Plaintiff asserts that his Due Process rights were violated because the Ban and OBR were placed without a hearing. Compl. at 5. Plaintiff requests both damages and injunctive relief. In particular, Plaintiff requests that the behavioral flag be removed from the VA's computers and that he be issued a fee basis medical card so that he no longer has to receive care at a VA medical center. Compl. at 10.

Plaintiff seeks reconsideration of the Court's dismissal of his Due Process claims against the United States. The Court dismissed with prejudice Plaintiff's claim for damages on grounds of sovereign immunity. The Court dismissed with prejudice Plaintiff's claim for injunctive relief with respect to the Ban as moot. The Court dismissed with prejudice Plaintiff's request for a fee basis medical card, for lack of jurisdiction under 38 U.S.C. § 511. The Court dismissed without prejudice Plaintiff's request for removal of the behavioral flag.

## II. DISCUSSION

A. <u>Defendant United States</u>

In the Motion, Plaintiff submits evidence that he exhausted his administrative remedies by submitting appeals to the Network Director and alleges that the appeals were futile. The Court had dismissed Plaintiff's as-applied, factual Due Process challenge to the OBR on grounds of exhaustion. However, because Plaintiff's request for removal of the behavioral flag was dismissed

without prejudice, Plaintiff can submit in an amended complaint evidence that he appealed the OBR. No reconsideration is necessary.

Plaintiff asserts he is entitled to damages resulting from the Ban. As stated in the Order, however, this is barred by sovereign immunity. Plaintiff also asserts that his claim for injunctive relief for the Ban is not moot because the record indicates that the current behavioral flag was initially assigned in March 2007. While that may be, the Ban is no longer in place. The current behavioral flag is in place pursuant to the OBR. As discussed above, the Order allows Plaintiff to bring an as-applied, Due Process challenge to the OBR seeking removal of the behavioral flag.

Thus, the Court denies the Motion with respect to the United States.

B.   Defendant CCSF

Plaintiff states that he cannot comply with the Order's guideline that he "identify the alleged wrongdoing committed by each named Defendant" because he does not know their names. It is sufficient at this stage for Plaintiff to use identifiers such as Sheriff's Deputy No. 1, and clearly state that the person is a defendant.

Plaintiff also requests the Court to order that the CCSF provide Plaintiff with a copy of the real booking photo of Plaintiff taken at the San Francisco County Jail on January 30, 2012. Such an order is inappropriate at this pleading stage. It is sufficient for Plaintiff to allege the necessary facts. He need not present evidence at this juncture.

Thus, the Court denies the Motion with respect to the CCSF.

This order disposes of Docket No. 80.

IT IS SO ORDERED.

Dated: January 9, 2014

_____
EDWARD M. CHEN
United States District Judge

3