UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>     Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>     Defendants. | Case No. 13-cv-02405-JD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REASSIGN AND GRANTING MOTION TO BE EXCUSED FROM PREPARING JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Re: Dkt. No. 107 |

Plaintiff James Ellis Johnson, who is litigating this action *pro se*, has asked the Court to reassign the case to the previously assigned judge and also to excuse him from the requirement to file a joint case management conference statement. *See* Dkt. No. 107. The Court vacates the hearing on this motion set for May 28, 2014, under Civil Local Rule 7-1(b), because this motion is appropriate for disposition without oral argument.

**BACKGROUND**

On May 28, 2013, Plaintiff, a United States veteran, filed a complaint against the United States, the City and County of San Francisco ("CCSF"), five employees of the San Francisco Veterans Affairs Medical Center, the Mayor of San Francisco, and the Sheriff of CCSF, alleging that the Department of Veterans Affairs police used excessive force and humiliated him during an arrest, and that the Sheriff stood by and did nothing. *See* Dkt. No. 1.

On August 15, 2013, this case was assigned to Judge Chen, (Dkt. No. 27), after Defendant United States declined to proceed before a magistrate judge (Dkt. No. 21). On December 11, 2013, the Court granted Defendant CCSF's Motion to Dismiss, and granted in part and denied in part Defendant United States' Motion to Dismiss. Dkt. No. 75. On January 23, 2014, Plaintiff

1  filed an Amended Complaint. Dkt. No. 83. On February 21 and 24, 2014, Defendants moved to
2  dismiss Plaintiff's Amended Complaint, (Dkt. Nos. 86, 88), and a hearing on those motions was
3  set for April 18, 2014 (Dkt. No. 94). On April 16, 2014, the case was reassigned to this Court
4  pursuant to General Order 44, and the hearing on Defendants' motions was vacated and renoticed
5  for May 28, 2014. Dkt. No. 106.

6  On April 24, 2014, Plaintiff filed the motion for reassignment. Dkt. No. 107. Liberally
7  construing Plaintiff's motion[1], it requests an order (1) reassigning this case to Judge Chen, and (2)
8  excusing Plaintiff from participating in the preparation of a joint case management conference
9  statement. On May 6, 2014, Defendants filed a joint opposition to Plaintiff's motion. Dkt. No.
10 109. On May 14, 2014, Plaintiff filed a reply. Dkt. No. 112.

**DISCUSSION**

**I.  Motion to Reassign Case**

Plaintiff's motion argues that this case should be reassigned to Judge Chen for two reasons. First, Plaintiff contends that the timing of the reassignment has prejudiced him. Dkt. No. 107 at 2. Second, Plaintiff objects to proceeding before Judge Donato because he previously represented Defendant City and County of San Francisco as a Deputy City Attorney. *Id.* at 3.

**A.  Timing of Reassignment Under General Order 44**

Plaintiff states that he is scheduled to have an operation on June 4, 2014, which will "lay Plaintiff off [*sic*] for up to a year 6 months at the lease [*sic*]." *Id.* Plaintiff contends that the timing of the reassignment -- two days before the scheduled hearing date -- leads him to believe "that this was planned and there for [*sic*] an act of corruption" and that the reassignment has "undermined Plaintiff's right to a fair hearing." *Id.* Plaintiff does not believe that this case was reassigned automatically, but rather, that the reassignment was a "trick[] being played on Plaintiff to get this case dismissed." *Id.*

---

[1] Because Plaintiff is proceeding *pro se*, his filings are to "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

2

Plaintiff's arguments are misdirected. Civil Local Rule 3-3 provides that the assignment of cases done pursuant to the Assignment Plan of the Court, and that "[t]he Clerk may not make or change any assignment except as provided in these local rules or in the Assignment Plan (General Order No. 44)." Civ. L.R. 3-3. The Assignment Plan "provide[s] an equitable system for a proportionate division of the caseload among the district and magistrate judges of the court" and requires that cases in this District "shall be assigned blindly and at random by the Clerk by means of an automated system" that provides "proportionate, random and blind assignment of cases." Gen. Order No. 44(A).

This case, along with many others, was randomly assigned to this Court on April 16, 2014, pursuant to Local Rule 3-3 and the Assignment Plan. The transfer of the case to this Court was a neutral and impartial action made pursuant to the Local Rules and the Assignment Plan. Plaintiff has not established, and based on the facts cannot possibly show, that the transfer has "undermined Plaintiff's right to a fair hearing" or is a "trick[] being played on Plaintiff to get this case dismissed." Dkt. No. 107 at 2-3.

**B.     Request for Recusal**

Plaintiff also argues that reassignment to Judge Chen is proper because "Plaintiff cannot agree to a pass [*sic*] city Attorney hearing this case" because the undersigned is a former Deputy City Attorney. *Id.* at 3. The Court construes Plaintiff's request as a motion for recusal.

The rule in our circuit is that a judge should handle the cases assigned to him or her unless a legitimate reason for recusal exists. *See United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). Legitimate reasons for recusal are outlined in two statutes -- 28 U.S.C. §§ 455 and 144 -- and § 3(C) of the Code of Conduct for United States Judges. *See* 28 U.S.C. §§ 455 and 144; *Johnson v. United States*, No. C 10-00647 LB, 2011 WL 2709871, at *1-2 (N.D. Cal. July 12, 2011).[2]

---

[2] Plaintiff previously requested that Magistrate Judge Beeler recuse herself, alleging that her former work as an Assistant United States Attorney was grounds for her disqualification. Magistrate Judge Beeler denied Plaintiff's motion.

3

1  Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States
2  shall disqualify himself in any proceeding in which his impartiality might reasonably be
3  questioned." 28 U.S.C. § 455.  The statute provides a list of circumstances under which a judge
4  must recuse himself including "where he has served in governmental employment and in such
5  capacity participated as counsel, adviser or material witness concerning the proceeding or
6  expressed an opinion concerning the merits of the particular case in controversy." *Id.* § 455(b)(3);
7  *see also* Code of Conduct for United States Judges § 3(C)(1)(e).  Section 144 also mandates
8  reassignment when "the judge before whom the matter is pending has a personal bias or prejudice
9  either against [the moving party] or in favor of any adverse party." 28 U.S.C. § 144.

10  Under both statutes, the standard is whether "a reasonable person with knowledge of all the
11  facts would conclude that the judge's impartiality might reasonably be questioned." *Johnson*,
12  2011 WL 2709871, at *1-2 (citing *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008)).  A
13  "reasonable person" is not "hyper-sensitive or unduly suspicious," but rather a "well-informed,
14  thoughtful observer." *See id.* (citing *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008)
15  (quotations omitted)).

16  A party seeking recusal under section 144 must "file[] a timely and sufficient affidavit that
17  the judge before whom the matter is pending has a personal bias or prejudice either against him or
18  in favor of any adverse party." 28 U.S.C. § 144.[3]  Section 144 expressly conditions relief upon the
19  filing of a timely and legally sufficient affidavit. *See Sibla*, 624 F.2d at 867.

20  Plaintiff has failed to meet any standard for recusal.  As an initial matter, Plaintiff
21  defaulted procedurally by failing to submit an affidavit in accordance with section 144.  His
22  signature on the motion does not convert it into an affidavit, as affidavits must be signed under
23  penalty of perjury. *See Johnson*, 2011 WL 2709871, at *2; 28 U.S.C. § 1746; Civ. L.R. 7-5.  The
24  failure to submit an affidavit is enough on its own to deny recusal under section 144. *Johnson*,
25  2011 WL 2709871, at *2; *Azhocar*, 581 F.2d at 738; *Sibla*, 624 F.2d at 868.

---

[3] Section 455, on the other hand, sets forth no procedural requirements. *See United States v. Sibla,* 624 F.2d 864, 867-68 (9th Cir. 1980).

Plaintiff's purported substantive reasons are also deficient. Judge Donato's service as a Deputy City Attorney can be grounds for disqualification only if he "participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy" while employed by Defendant CCSF. *See* 28 U.S.C. § 455(b)(3). None of those conditions is possible here. Judge Donato left the City Attorney's office 17 years before Plaintiff filed this action. A reasonable person could not question Judge Donato's impartiality here based on service long ago as a Deputy City Attorney. Consequently, the motion for recusal is denied.

**II.     Motion to be Excused from Filing a Joint Case Management Conference Statement**

Plaintiff contends that "the defendant's attorneys [*sic*] treatment of the Pro Se Plaintiff is condescending and deceitful making a joint Case Management Conference Statement a dehumanizing ordeal for Plaintiff." Dkt. No. 107 at 4. The Court construes this statement as a request to be excused from filing a joint case management conference statement.

Civil Local Rule 16-9 provides that unless otherwise ordered, counsel must file a joint case management conference statement. *See* Civ. L.R. 16-9. Local Rule 16-9, however, also provides that if one or more of the parties is not represented by counsel, parties may file separate case management conference statements. *See id.* This Court's Standing Order for Civil Cases further provides that "separate [case management conference] statements may be filed, but only after the parties have made a good faith effort to prepare a joint statement."

The Court finds that Plaintiff appears to have made a good faith effort to prepare a joint statement, but has been unable to do so. Accordingly, Plaintiff's motion to be excused from filing a joint case management conference statement is granted.

**IT IS SO ORDERED.**

Dated: May 28, 2014

_____
JAMES DONATO
United States District Judge