UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 13-cv-02405-JD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION TO DISMISS AND GRANTING CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 86, 88 |

## INTRODUCTION

Pro se Plaintiff James Ellis Johnson is a United States veteran who receives medical care at the San Francisco Veterans Affairs Medical Center ("SFVAMC"). Plaintiff alleged in the original complaint in this case that he suffered serious physical injuries and emotional distress at the hands of the VA police during an incident in January 2012, and that deputy sheriffs of the City and County of San Francisco ("CCSF") stood by without intervening. Dkt. No. 1. Defendants United States of America and CCSF challenged the sufficiency of the original complaint in motions to dismiss. On December 11, 2103, this Court granted in part and denied in part the United States' motion to dismiss, and granted CCSF's motion to dismiss. Dkt. No. 75. The Court granted Plaintiff leave to amend certain claims and provided guidance to Plaintiff on amending the complaint.

On January 23, 2014, Plaintiff filed an Amended Complaint, which added several new claims against the United States and CCSF. Dkt. No. 83. Defendants moved to dismiss the Amended Complaint. Dkt. Nos. 86, 88. The Court heard oral argument on these motions on May 28, 2014, and now grants in part and denies in part the United States' motion to dismiss, and grants CCSF's motion to dismiss in its entirety.

The Court emphasizes that Plaintiff's case will move forward. Although the new claims in the Amended Complaint have been dismissed, Plaintiff's claims against the United States for assault, battery, false imprisonment, and intentional infliction of emotional distress will proceed to summary judgment or trial. Plaintiff also has leave to amend the complaint again after the VA completes an administrative review of an order of behavioral restriction ("OBR") and a behavioral flag entered against Plaintiff.

**BACKGROUND**

The main facts of Plaintiff's case are summarized in the prior motion to dismiss order. Dkt. No. 75. The question now before the Court is whether Plaintiff successfully alleged new claims in response to that order.

In the prior order, the Court liberally construed Plaintiff's claims and held that the complaint stated tort claims against the United States for assault, battery, false imprisonment, and intentional infliction of emotional distress ("IIED"). *Id.* at 20. The Court dismissed with prejudice five other claims against the United States, but granted leave to amend the claim for injunctive relief to remove the OBR entered against Plaintiff. *Id.* The Court also dismissed with prejudice four claims against CCSF, but granted leave to amend claims against CCSF for false arrest/imprisonment, IIED, assault, battery, and a violation of the Fourth Amendment for failure to intervene. *Id.* at 19-21.

The order provided guidelines for amendment. Specifically, the Court advised Plaintiff to: (1) include all factual allegations in the amended complaint itself, and not in exhibits to the complaint or in opposition briefs; (2) state all legal bases for claims in the complaint, including stating the basis of a private right of action for any cases of action based on a Penal Code provision; and (3) clearly state each cause of action and identify the alleged wrongdoing committed by each named Defendant. *Id.* at 21-22.

On January 23, 2014, Plaintiff filed an Amended Complaint against the United States and CCSF. Dkt. No. 83. Plaintiff's Amended Complaint re-alleges the claims against the United States for assault, battery, false imprisonment, and IIED, and also alleges four new claims against the United States for: (1) malicious prosecution; (2) excessive force; (3) failure to intervene; and

1  (4) violations of California Penal Code §§ 145 and 147.[1]  The Amended Complaint alleges claims

2  against Defendant CCSF for: (1) assault; (2) battery; (3) failure to intervene; (4) IIED; (5)

3  violations of California Penal Code §§ 142, 145, 147, 836, 840, 849, and 4006; and (6) false

4  imprisonment.  *Id.* at 13-14, 16.[2]  Plaintiff seeks damages from the United States for personal

5  injury in the amount of $2,075,000, and injunctive relief ordering removal of the behavioral flag

6  and restriction from the VA national computer.  *Id.* at 15.  Plaintiff also seeks damages from

7  CCSF for personal injury in the amount of $500,000 and payment of 20% of all medical costs.  *Id.*

8  at 15-16.

## DISCUSSION

### I. LEGAL STANDARD

Defendants move to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Under Rule 12(b)(1), a party may move to dismiss for lack of subject matter jurisdiction.  A district court may lack jurisdiction under a statutory scheme created by Congress that confers jurisdiction over certain veteran's benefits claims to specific federal courts and denies jurisdiction over those claims to all other federal courts.  *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1019-20 (9th Cir. 2012).  It may also lack jurisdiction over certain tort claims if the plaintiff has failed to exhaust administrative remedies.  *See* 28 U.S.C. § 2675.

Under Rule 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted.  "To survive a motion to dismiss, a complaint must contain

---

[1] The Amended Complaint also makes reference to Plaintiff being "set up" and alleges that his arrest "was planned" to "undermine a federal trial" and "cause Mr. Johnson to lose Case #106472LB."  Dkt. No. 83 at 7, 8, 10, 14.  Plaintiff's allegations about "undermin[ing] a federal trial" relate to a medical malpractice case against the United States that was pending at the time of Plaintiff's arrest, Case No. 3:10-cv-00647.  Plaintiff appears to contend that his arrest on January 30, 2012 was orchestrated to derail his ability to file summary judgment briefs due on February 9, 2012.  *Id.*; Case No. 10-00647, Dkt. No. 111.  But Plaintiff has not alleged a claim for this purported event, and does not appear to tie any of his stated claims to it.  See Dkt. No. 1, Ex. 1 at 8.  In addition, the Court notes that Plaintiff was granted two extensions of time to file his summary judgment briefing.  *See* Case No. 10-00647, Dkt. Nos. 114, 125.

[2] The Amended Complaint also alleges claims against individual federal and CCSF Defendants, but as discussed below, Plaintiff stated that he is no longer pursuing any claims against individual defendants, only the United States and the CCSF.  *See infra* Sections II.B and III.A.

sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  At a minimum, a plaintiff must provide "the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id*.  To ensure that pro se litigants like Plaintiff do not lose their right to a hearing on the merits over a technical procedural requirement, the Court construes pro se pleadings liberally and, particularly in the civil rights context, affords pro se plaintiffs "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

But Plaintiff is still required to satisfy Federal Rule of Civil Procedure 8(a).  This rule requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## II. UNITED STATES' MOTION TO DISMISS

### A. The OBR Injunction

The Court's prior order dismissed with prejudice all but one of Plaintiff's claims pertaining to the OBR and related behavioral flag.  The Court dismissed without prejudice Plaintiff's claim for injunctive relief to have the behavioral flag removed.  The Court dismissed that claim because Plaintiff had not yet exhausted his administrative remedies with the VA.  Dkt. No. 75 at 17.

The VA entered the OBR and a related behavioral flag for allegedly aggressive conduct by Plaintiff during visits for medical care.  The OBR was entered in August 2011 and extended in late 2013 to November 2015.  *See* Dkt. No. 87 at 7-8.  Plaintiff filed a timely administrative appeal of the OBR and behavioral flag on December 19, 2013.  *Id.* at 10-13.  The United States contends that Plaintiff's appeal will be decided by an appellate group at the SFVAMC by June 1, 2013, and will be sent to the Network Director for final action in accordance with the governing Department

4

1   of Veterans Affairs Regulations, 38 C.F.R. § 17.107(e).  *See id.* at 1.  Plaintiff will be notified of

2   the outcome of the appeal by no later than July 1, 2014.  *Id.* at 2.

3           The United States asserts that because Plaintiff's appeal of the OBR is still pending,

4   Plaintiff has not fully exhausted his administrative remedies, and Plaintiff's claim for injunctive

5   relief should be dismissed.  Dkt. No. 86 at 5.  Plaintiff contends that the VA's previous denial of

6   similar appeals in 1995, 2006, and 2007, combined with the delay in adjudicating his current

7   appeal, is sufficient for this Court to find that Plaintiff has exhausted his administrative remedies.

8   Dkt. Nos. 83 at 3; 95 at 1.  The Court construes Plaintiff's argument as invoking the futility

9   exception to overcome the exhaustion requirement.

10           A party must exhaust its remedies before it can obtain judicial review of an agency

11   decision.  *See United Farm Workers of Am., AFL-CIO v. Arizona Agric. Emp't Relations Bd.*, 669

12   F.2d 1249, 1253 (9th Cir. 1982).  The exhaustion doctrine allows administrative agencies to

13   exercise their expertise and correct any agency mistakes that may have occurred in order to avoid

14   unnecessary judicial intervention into the administrative process.  *Id.* (citing *Weinberger v. Salfi*,

15   422 U.S. 749, 765, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975)).  But exhaustion of administrative

16   remedies is not required "where the remedies are inadequate, inefficacious, or futile, where pursuit

17   of them would irreparably injure the plaintiff, or where the administrative proceedings themselves

18   are void."  *Id.* (citing *Aleknagik Natives Ltd. v. Andrus*, 648 F.2d 496, 499-500 (9th Cir. 1980)).

19   Where, as here, the exhaustion of administrative remedies is not specifically required by statute,

20   application of the exhaustion doctrine is within the sound discretion of the district court.  *Id.*

21           Based on the VA's representations, the review process is almost done.  Counsel for the

22   United States said at the hearing, and the SFVAMC Medical Center Director also averred in a

23   declaration, that SFVAMC has initiated an independent, *de novo* investigation and review of the

24   appeal and the VA Disruptive Behavior Committee file, and that the appellate group "will

25   consistent of VA health and safety professionals who have not participated in any prior reviews or

26   decisions concerning plaintiff's behavioral restrictions."  Dkt. No. 87 at 2.  The appellate review is

27   expected to be complete by June 1, 2014, and Plaintiff will be notified of the final decision of his

28   appeal by July 1, 2014.  *Id.*

Consequently, while the Court is sympathetic to Plaintiff's frustration that the review process has dragged on for more than six months, the Court finds that the futility exception does not apply to save this claim. The United States represented that the appeal is being carefully and thoroughly reviewed, and will be decided imminently. The Court dismisses the OBR claim on grounds of failure to exhaust. But the dismissal is without prejudice, and Plaintiff may re-allege this claim if, after the VA's decision, he believes there is a sound basis to do so.

### B. Individual Federal Defendants

The United States also challenges Plaintiff's references to individual defendants in the Amended Complaint. The Amended Complaint states that "[t]here are five Defendant Federal Police" and names the federal officers. Dkt. No. 83 at 9. But Plaintiff repeatedly told the Court that he does not wish to pursue claims against any individuals. In his opposition to the United States' motion to dismiss and during the hearing on this motion, Plaintiff insisted that he is not alleging any claims against individuals, only against the United States. *See* Dkt. No. 95 at 10 ("There are no individual Federal defendants being sued . . . . There is no *Bivens* claim here."). Thus, the Court dismisses with prejudice any claims asserted in the Amended Complaint against the named individual federal Defendants.

### C. New Claims in Amended Complaint

The United States seeks an order "dismissing all claims against all federal defendants set forth in [P]laintiff's amended complaint, *except for the four state law tort claims against defendant United States specifically authorized by this Court in its December 11, 2013, Order . . .*" Dkt. No. 86 at 1 (emphasis in original). Those claims will go forward, and the Court will discuss here the four new claims against the United States for: (1) malicious prosecution; (2) excessive force; (3) failure to intervene; and (4) violations of Cal. Penal Code §§ 145 and 147. Dkt. No. 83 at 5-6.

#### i. Malicious Prosecution

Plaintiff asserts that the United States maliciously prosecuted him. *See* Dkt. No. 83 at 5. To state a claim for malicious prosecution under California law, a plaintiff must allege "that [a] prior action (1) was commenced by or at the direction of the defendant and was

6

1    pursued to a legal termination favorable to the plaintiff; (2) was brought without probable cause;
2    and (3) was initiated with malice." *Soukup v. Law Offices of Herbert Hafif*, 39 Cal.4th 260, 292
3    (Cal. 2006).
4          The United States contends that Plaintiff has failed to allege facts sufficient to support a
5    malicious prosecution claim.  Dkt. No. 86 at 10.  The Court agrees.  The tort of malicious
6    prosecution is necessarily predicated on a prior lawsuit commenced "at the direction of the
7    defendant and [] pursued to a legal termination."  *Soukup*, 39 Cal.4th at 292.  Here, Defendant
8    United States did not commence a legal proceeding, much less pursue any such proceeding to a
9    legal termination.  Plaintiff concedes he was released within hours of arrest and that no charges
10   were filed against him.  *See* Dkt. No. 83 at 8.  Accordingly, Plaintiff has failed to state a claim for
11   malicious prosecution.  Because it is clear that no amendment to the complaint can cure this
12   deficiency, this claim is dismissed with prejudice.

### ii. Excessive Force

14         Plaintiff alleges that the VA officers used excessive force when arresting him at
15   SFVAMC.  Plaintiff contends that, among other things, "[t]he police manhandled Plaintiff" and
16   caused him "great pain" by using a lock hold and handcuffing Plaintiff even though he "told them
17   he had a complete rotator cuff tear" in his shoulder.  Dkt. No. 83 at 7.
18         The Court's prior order found that these and other allegations of mistreatment sufficiently
19   allege assault and battery.  *See* Dkt. No. 75 at 10.  But the Court expressly held that "[t]o the
20   extent Plaintiff seeks to allege a constitutional violation under the Fourth Amendment for use of
21   excessive force, sovereign immunity bars suits for damages against the United States for Fourth
22   Amendment violations by its officers."  *Id.* at 11 (citing *Arnsberg v. U.S.*, 757 F.2d 971, 980 (9th
23   Cir. 1985).  Consistent with its prior order, this Court finds that Plaintiff has not stated a Fourth
24   Amendment claim against the United States and now dismisses this claim with prejudice.

### iii. Failure to Intervene

26         Plaintiff alleges that certain VA officers failed to intervene when he was being
27   assaulted in a holding cell, in the back of the police car, and when Plaintiff was placed in a chair
28   and delayed entry into the jail.  Dkt. No. 83 at 6.  As detailed above, Plaintiff has expressly stated

1    that he is not pursuing any claims against any federal individual defendants. Consequently, this

2    Fourth Amendment claim against the United States for alleged violations by its officers is barred

3    by sovereign immunity. *See Arnsberg*, 757 F.2d at 980. Because it is clear that no amendment to

4    the complaint can cure this deficiency, this claim is dismissed with prejudice.

####         iv.     California Penal Code Violations

Plaintiff's fourth and fifth claims are for violations of Cal. Penal Code §§ 145 and 147. These claims were addressed in the prior order. To the extent Plaintiff seeks injunctive relief for them, the Court holds again that it does not have authority to order that relief; the decision to file criminal charges is solely within the authority of prosecutors, not the Court. *See* Dkt. No. 75 at 10. To the extent Plaintiff seeks damages for these claims, the Court again construes them as assault and battery claims that are allowed to go forward. *See id.* The Court notes, however, that its previous order specifically stated that if Plaintiff "bases a cause of action on a Penal Code provision, he should also state the basis of a private right of action." *Id.* at 21. Plaintiff has failed to state the basis of a private right of action for these claims, and so to the extent that Plaintiff is attempting to allege more than assault and battery with respect to these claims, they are dismissed with prejudice.

### III.    CCSF'S MOTION TO DISMISS

####    A.    Individual CCSF Defendants

Plaintiff's express abandonment of claims against the individual defendants also included any claims against individual CCSF defendants. During the hearing, Plaintiff emphasized that he is suing only CCSF itself. Accordingly, the claims against individual unidentified sheriff's deputies, the Mayor, and the Sheriff of the CCSF are dismissed with prejudice.

####    B.    Claims Against CCSF in Amended Complaint
#####        i.     Assault & Battery

In the prior order, the Court found that Plaintiff failed to state a claim against CCSF for assault or battery because he failed to allege sufficient facts to support those claims. Dkt. No. 75 at 19. The Amended Complaint suffers from the same defect. The CCSF assault and

battery allegations consist solely of the allegations that: (1) Plaintiff was injured "in the presence of city employees who took no action to stop the assault, therefore becoming part of the assault;" (2) "the Sheriffs (Sheriff #1 and Sheriff #2, a white female) are guilty of battery. Plaintiff was being assaulted, a victim of assault and battery by means of a device;" and (3) Sheriff #1's "role in the assault and battery" was his delay "in taking Plaintiff inside the jail from the parking lot behind the jail." Dkt. No. 83 at 11-12.

These allegations are again too thin to sustain assault and battery claims. Assault requires that a "defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner," and that as a result, the plaintiff was harmed. *So v. Shin*, 212 Cal.App.4th 652, 668-69 (Cal. App. 2013). Battery requires that a "defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff," and that plaintiff "was harmed or offended by defendant's conduct." *Id.*

Plaintiff does not allege that any of the unnamed sheriff's deputies threatened to touch him or physically touched him in any way. Plaintiff's allegations state that he was only touched by the handcuffs that were put on by the VA officers. Plaintiff does not state facts to support a claim of assault or battery by any of the unnamed sheriff's deputies, and accordingly, this claim is dismissed with prejudice.[3]

### ii. Failure to Intervene

The Court's prior order permitted Plaintiff leave to amend to allege a violation of the Fourth Amendment for failure to intervene. *See* Dkt. No. 75 at 21. Because Plaintiff is not pursuing claims against any individual CCSF Defendants, he alleges a violation of the Fourth Amendment for failure to intervene against CCSF itself.

---

[3] In his Opposition to CCSF's Motion to Dismiss, Plaintiff contends for the first time that one of the sheriff's deputies told Plaintiff "I don't care" in a threatening way. Dkt. No. 97 at 10. Plaintiff was informed in the Court's prior order that he must not allege new facts in his opposition brief, but rather must include all factual allegations in the Amended Complaint. *See* Dkt. No. 75 at 21. The Court will not consider this fact, or any other new facts included in Plaintiff's opposition briefing. *See Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (citation omitted).

9

As a local government, CCSF cannot be held liable for a constitutional violation by an employee under Section 1983 unless the violation was committed in the execution of a CCSF "policy or custom." *See Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1958). A *Monell* plaintiff must show "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). To succeed on this claim, Plaintiff must allege and prove that a CCSF policy was the "moving force" behind the alleged violations. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Plaintiff may make this showing in one of three ways: (1) "prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity;" (2) "establish that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official government policy;" or (3) "prove than an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (citing *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

Plaintiff appears to allege that the CCSF policy or custom at issue is found in Cal. Penal Code §§ 849, 142, 145, 147, 836, 840 and 4006. Dkt. No. 83 at 14. Plaintiff, however, does not plead any facts about how these penal code sections relate to a CCSF policy or custom, or show "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton*, 489 U.S. at 385. The Amended Complaint also does not identify any individual vested with policy-making authority responsible for the decision to violate Plaintiff's constitutional rights, or allege any specific facts showing that an individual with final-policy making authority ratified any unconstitutional conduct. Plaintiff only alleges that unnamed sheriff's deputies were involved in the alleged violations of Plaintiff's constitutional rights. *See* Dkt. No. 83. Without more, the Amended Complaint does not plausibly demonstrate a CCSF policy or custom condoning the constitutional violations alleged, or that the Sheriff -- or any other

1  individuals vested with policy-making authority -- knew enough about the arrest to have been
2  alerted to the possibility that officers were engaging in unconstitutional conduct.  Because Plaintiff
3  has already been given leave to amend this claim, it is dismissed with prejudice.

### iii. Intentional Infliction of Emotional Distress

The Court previously determined that Plaintiff failed to state a claim for IIED against the CCSF because it was allegedly a VA officer -- not a Deputy Sheriff -- who humiliated Plaintiff.  The Court's prior order noted that, at most, the Sheriff failed to intervene in the process of taking a booking photo, and that this alleged inaction did not constitute "extreme and outrageous conduct."  Dkt. No. 75 at 19.  In the Amended Complaint, Plaintiff alleges that unnamed sheriff's deputies knowingly allowed Plaintiff to suffer, willfully delayed taking him into custody knowingly prolonging his suffering, failed to intervene "allowing others to cause Plaintiff to suffer" and "not caring that Plaintiff was suffering," and also re-alleges that the deputies allowed a VA officer police humiliate him.  Dkt. No. 83 at 12-16.

Plaintiff's Amended Complaint again fails to allege sufficient facts to support an IIED claim.  The gist of Plaintiff's IIED allegations -- similar to his previous complaint -- is that unnamed sheriff's deputies failed to intervene even though they knew he was in pain and was being humiliated by the VA officer.  This failure to act does not rise to the level of extreme and outrageous conduct.  *See Davidson v. City of Westminster*, 32 Cal.3d 197, 210 (Cal. 1982) (dismissing IIED claim where Plaintiff had "not alleged that the officers acted (or failed to act) as they did for the purpose of causing emotional injury" and where "the officers' conduct did not rise to the level of outrageous conduct so extreme as to exceed all bounds of that usually tolerated in a civilized community") (internal citation omitted).  On the facts alleged in Plaintiff's Amended Complaint, he cannot establish an IIED claim.  Because Plaintiff has already had an opportunity to amend this claim, it is dismissed with prejudice.

### iv. California Penal Code Violations

Plaintiff also alleges that Defendant CCSF violated Cal. Penal Code §§ 849, 142, 145, 147, 836, 840 and 4006.  To the extent Plaintiff seeks injunctive relief for these alleged violations, the Court previously held that it does not have authority to order injunctive relief.  *See*

11

Case 3:13-cv-02405-JD   Document 119   Filed 06/12/14   Page 12 of 14

1   Dkt. No. 75 at 10.  To the extent Plaintiff seeks damages for these alleged violations, Plaintiff has

2   failed to state a private right of action for any of these alleged violations that would serve as the

3   basis for a claim for damages, in violation of this Court's prior order.  *See Allen*, 464 F.3d at 1048.

4   Accordingly, these claims are dismissed with prejudice.

**v.    False Imprisonment**

6   The Court's previous order gave Plaintiff leave to amend the false

7   imprisonment claim.  Plaintiff now alleges that: (1) "Defendant Sheriff #1 made it clear that he did

8   not care one way or the other why Plaintiff was arrested;" (2) "the sheriff knew Plaintiff was

9   coming. This was planned;" and (3) the "Defendant Sheriffs knew the Plaintiff's arrest was false."

10  Dkt. No. 83 at 11, 13.

11  False imprisonment under California law requires: "(1) the nonconsensual, intentional

12  confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time."

13  *Blaxland v. Commonwealth Director of Public Prosecut.*, 323 F.3d 1198, 1205 (9th Cir. 2003)

14  (citing *Easton v. Sutter Coast Hosp.*, 80 Cal.App.4th 485, 496 (Cal. App. 2000)).  "A cause of

15  action for false imprisonment based on unlawful arrest will lie where there was an arrest without

16  process followed by imprisonment." *Watts v. County of Sacramento*, 256 F.3d 886, 891 (9th Cir.

17  2001) (citing *City of Newport Beach v. Sasse*, 9 Cal.App.3d 803, 810 (Cal. App. 1970)).

18  Plaintiff's allegations do not support a false imprisonment claim.  Plaintiff's only non-

19  conclusory allegation that any sheriff's deputy had reason to believe his arrest was unlawful is the

20  allegation that one of the unnamed deputies was told by one of the VA officers that the arrest "was

21  planned."  Dkt. No. 83 at 13.  This allegation, however, is not sufficient to demonstrate that any

22  sheriff's deputy lacked reasonable cause to believe that Plaintiff's arrest was lawful.  Moreover,

23  the Court is not persuaded that the alleged apathy of one of the deputies to the reasons for

24  Plaintiff's arrest is sufficient to plead that the deputy knew Plaintiff's arrest was "false."

25  Accordingly, this claim is dismissed with prejudice.

**CONCLUSION**

27  The following state law claims against the United States are sufficient to survive review at

28  the pleading stage and will go forward:  assault, battery, false imprisonment, and intentional

12

infliction of emotional distress.

The OBR and behavioral flag injunction claim is dismissed without prejudice subject to renewed pleading after the VA completes the administrative review. The remaining claims in the Amended Complaint are dismissed with prejudice. If Plaintiff elects to file a second amended complaint, Plaintiff may not allege any new claims without prior leave of this Court.

**IT IS SO ORDERED.**

Dated: June 12, 2014

_____
JAMES DONATO
United States District Judge

13

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | Case No.  13-cv-02405-JD<br><br>**CERTIFICATE OF SERVICE** |

　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　That on 6/12/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Ellis Johnson
1819 Golden Gate Avenue, #12
San Francisco, CA 94115

Dated: 6/12/2014

　　　　　　　　　　　　　　　　　　　　Richard W. Wieking
　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court


　　　　　　　　　　　　　　　　　　　　By:_ *[signature: Lisa R. Clark]*
　　　　　　　　　　　　　　　　　　　　LISA R. CLARK, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　Honorable JAMES DONATO

14