UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 13-cv-02405-JD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 129 |

## INTRODUCTION

Pro se Plaintiff James Ellis Johnson is a United States veteran who receives medical care at the San Francisco Veterans Affairs Medical Center. This order addresses a claim for injunctive relief arising out of an Order of Behavioral Restriction ("OBR") and a related case file flag that the Department of Veterans Affairs issued for allegedly disruptive and aggressive conduct by Johnson during visits for medical care. The United States has moved to dismiss the OBR and flag claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction under the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* ("FTCA"). The Court grants the motion with prejudice. As the Court has previously stated, Johnson's claims against the United States for assault, battery, false imprisonment, and intentional infliction of emotional distress are unaffected and will proceed. *See* Dkt. Nos. 75, 119.

## BACKGROUND

The main facts of Plaintiff's case are summarized in two prior orders on motions to dismiss. Dkt. Nos. 75, 119. At issue in this motion is Plaintiff's injunctive relief claim relating to an OBR entered by the Department of Veterans Affairs ("VA") in August 2011 and extended in late 2013 to November 2015. *See* Dkt. No. 87 at 7-8. Plaintiff filed a timely administrative appeal

1  of the OBR and behavioral flag on December 19, 2013. *Id*. at 10-13. Following an investigation,
2  the VA denied Plaintiff's appeal on June 27, 2014. Dkt. No. 129, Ex. D.

3  All but one of Plaintiff's claims pertaining to the OBR and related behavioral flag have
4  been dismissed with prejudice. Dkt. No. 75. The one remaining claim -- a request for injunctive
5  relief to have the OBR and flag removed -- was dismissed for failure to exhaust administrative
6  remedies with the VA. *Id.* at 16. Mr. Johnson was given leave to amend and did so on 1/23/14.
7  Dkt. No. 83. The United States brought a motion to dismiss and the Court again dismissed the
8  OBR and flag claim because Plaintiff had still not exhausted his remedies. Dkt. Nos. 86, 119.
9  After exhausting his administrative remedies, Mr. Johnson filed a Second Amended Complaint
10 ("SAC") realleging the OBR and file flag claim, and seeking injunctive relief under the FTCA.
11 Dkt. No. 126. The United States brought a motion to dismiss the complaint. Dkt. No. 129. The
12 question now before the Court is whether Plaintiff successfully alleges this injunctive relief claim.

## DISCUSSION

14 The United States contends that because it has not waived sovereign immunity, this Court
15 lacks subject matter jurisdiction over Plaintiff's claim. Under Federal Rule of Civil Procedure
16 Rule 12(b)(1), a court should dismiss a complaint where there is no subject matter jurisdiction,
17 including cases where the federal government is a defendant and there is no explicit waiver of
18 sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Hodge v. Dalton*, 107
19 F.3d 705, 707 (9th Cir. 1997). As a sovereign, the United States is immune from suit, and can be
20 sued only to the extent it has waived its sovereign immunity. *Mitchell*, 445 U.S. at 538. Any
21 waiver of sovereign immunity must be unequivocally expressed. *Block v. North Dakota*, 461 U.S.
22 273, 287 (1983). Absent an explicit waiver of sovereign immunity, this Court has no jurisdiction
23 over actions against the federal government. *Mitchell*, 445 U.S. at 538.

24 As an initial matter, the realleged OBR claim fails because injunctive relief is not available
25 under the FTCA. The FTCA does not waive sovereign immunity for suits seeking injunctive
26 relief, and there is no jurisdiction under the FTCA to award injunctive relief. *See Westbay Steel,*
27 *Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992) (holding that the FTCA only provides for

1 monetary damages, not equitable relief); *see also Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir.
2 1974). Consequently, Plaintiff's claim is barred by sovereign immunity.
3       The OBR claim also fails under the discretionary function exception to the FTCA. This
4 exception to the FTCA's waiver of immunity "bars claims 'based upon the exercise or
5 performance or the failure to exercise or perform a discretionary function or duty on the part of a
6 federal agency or an employee of the Government, whether or not the discretion involved be
7 abused.'" *Soldana v. United States*, 453 F.3d 1140, 1145 (9th Cir. 2006) (quoting 28 U.S.C. §
8 2680(a)). A two-step analysis determines whether the exception applies. *Id*. The Court first looks
9 to "whether the challenged actions involve 'an element of judgment or choice.'" *Id*. (citation
10 omitted). If so, the Court then looks at whether the judgment was grounded in policy
11 considerations or involved balancing of competing policy interests. *Id*. at 1145-46. If both factors
12 are met, the exception applies and this Court lacks subject matter jurisdiction over the claim.
13 *GATX/Airlog Co. v. United States*, 286 F.3d 1168, 1173 (9th Cir. 2002).
14       Although the Ninth Circuit has recognized that the line between protected and unprotected
15 conduct under the exception "can be difficult to apprehend," *Soldana*, 453 F.3d at 1145, the Court
16 has the benefit of a few signposts. If the challenged conduct is the product of a statutory or
17 regulatory directive that leaves no room for anything but routine compliance, it is not
18 discretionary. *United States v. Gaubert*, 499 U.S. 315, 324 (1991). And if the conduct involves
19 simply applying safety considerations under an established policy "rather than the balancing of
20 competing public policy considerations," *Soldana*, 453 F.3d at 1145-46, the exception will not lie.
21       In this case, the issuance of the OBR was discretionary conduct well within the exception.
22 The VA issued the OBR under 38 C.F.R. § 17.107, which sets out the VA's response to disruptive
23 behavior of patients. Under this section, the VA is required to conduct a case-by-case evaluation
24 of the facts and circumstances surrounding a particular patient's behavioral issues. 38 C.F.R. §
25 17.107(c). The VA is expressly charged with balancing the evaluation of the disruptive behavior
26 against "the VA's duty to provide good quality care, including care designed to reduce or
27 otherwise clinically address the patient's behavior." *Id*. Based on this evaluation, the VA then
28 determines whether the patient's behavior "has jeopardized or could jeopardize the health or safety

of other patients, VA staff, or guests at the facility or otherwise interfere with the delivery of safe medical care to another patient at the facility." *Id.* at § 17.107(b)(1). After this particularized assessment, the VA may impose only "narrowly tailored" restrictions on the time, place and/or manner in which the patient receives treatment. *Id.* at § 17.107(b)(2). A patient may appeal conduct restrictions within the VA hierarchy. *Id.* at § 17.107(e). Even if restrictions are imposed and sustained, the VA is obligated to provide "the full range of needed medical care" to the patient. *Id.* at § 17.107 n.1.

This regulation has all the hallmarks of discretionary decisionmaking. The regulation does not dictate a particular course of action in response to disruptive behavior, but instead gives the VA substantial discretion to evaluate the circumstances and decide on a response. It mandates the balancing of the competing policy goals of providing good care to the disruptive patient while ensuring that the care of other patients, and the safety of VA personnel, are not unduly compromised. Consequently, Johnson cannot challenge the OBR or the file flag under the FTCA.

## CONCLUSION

The motion to dismiss is granted without leave to amend. *See Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986) (leave to amend should not be granted when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency").

**IT IS SO ORDERED**.

Dated: March 2, 2015

_____
JAMES DONATO
United States District Judge

4