

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*9th Floor, Federal Building*
*450 Golden Gate Avenue, Box 36055*        *Ph.:  (415) 436-7071*
*San Francisco, California  94102-3495*     *Fax: (415) 436-6748*

June 23, 2015

**VIA ECF**

Hon. James Donato
United States District Court Judge
Courtroom 11, 19th Floor, San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

> **Re:**   *Johnson v. United States*, **No. 13-cv-02405 JD**
> **Letter Brief re Plaintiff's Responses to Defendant's Interrogatories**
> **and Scope of Medical Record Production**

Dear Judge Donato:

Pursuant to the Court's Standing Order for Discovery in Civil Cases dated April 25, 2014, this letter seeks the Court's assistance in resolving two discovery disputes.  First, the plaintiff James Ellis Johnson has refused to provide a substantive response to any of defendant's interrogatories, and defendant seeks an order compelling a response to the interrogatories identified below.  Second, Mr. Johnson has refused to sign release forms to permit the release of his medical records from non-VA physicians from whom he allegedly sought care or treatment following his January 30, 2012 arrest.  Defendant seeks an order from the Court approving the issuance and the physicians' compliance with the subpoenas attached hereto.

### 1.   June 9, 2015 Meet and Confer

On May 28, 2015, counsel for defendant informed Mr. Johnson that defendant had a number of issues with Mr. Johnson's interrogatory responses.  Mr. Johnson indicated that he was unavailable to meet and confer during the week of June 1, 2015, and the parties scheduled a meet and confer for the earliest date that Mr. Johnson was available, which was June 9, 2015.  By letter dated June 6, 2015, in advance of the scheduled meet and confer, defendant identified in a greater detail a number of its issues with Mr. Johnson's responses.

Mr. Johnson and I met and conferred in person on June 9, 2015, where Mr. Johnson refused to supplement his interrogatory responses with a substantive response.  During the course of the meet and confer, Mr. Johnson verbally provided some responsive information, but when I attempted to confirm that information by letter dated June 15, 2015 (attached as Exhibit A

James Ellis Johnson
June 15, 2015
Page | 2

hereto), Mr. Johnson responded by leaving me voicemail calling me a "racist" merely for writing the letter; and in a written response dated June 17, 2015, Mr. Johnson indicated that the information I was attempting to confirm in my June 15, 2015 letter was "not true."

At the June 9, 2015 meet and confer, Mr. Johnson and I also discussed the need for release forms to permit the defendant to subpoena Mr. Johnson's non-VA physicians for medical records. Proposed released forms were sent to Mr. Johnson with defendant's June 15 letter. Mr. Johnson has refused to confirm the identifies of his non-VA physicians or sign the releases.

### 2. Interrogatory Responses

Mr. Johnson has refused to provide substantive responses to defendant's interrogatories that address issues central to Mr. Johnson's claims. Defendant requests that the Court order Mr. Johnson to provide a substantive response to Interrogatory Nos. 1, 4, and 6-13 for the reasons discussed below. The plaintiff's responses and objections to defendant's interrogatories, which also set forth defendant's interrogatories, are attached as Exhibit B for the Court's reference. Mr. Johnson's objections to the interrogatories are without merit generally, and certainly provide no basis to refuse to provide the information identified below.

Non-VA health care providers. Mr. Johnson has refused to respond to defendant's **Interrogatory No. 1** that asks him to identify the health care providers from whom he "sought or received care" as a result of his January 30, 2012 arrest. While defendant can identify Mr. Johnson's VA physicians from his VA medical records, we cannot identify Mr. Johnson's non-VA physicians without his help. We have attempted to identify Mr. Johnson's non-VA physicians from the medical records that he produced, and I asked Mr. Johnson to confirm three names in the June 15 letter. Mr. Johnson responded on June 18, 2015 that "[y]ou will not lock me in to just the three you want me to have," indicating that there may be additional providers. Mr. Johnson should answer defendant's **Interrogatory No. 1** and identify his non-VA health care providers.

Encounters with VA police. Mr. Johnson has refused to respond to defendant's **Interrogatory No. 4** that asks plaintiff to identify the times he has been stopped, detained, or arrested by VA law enforcement or security officers and the basis for each stop, detention, or arrest. Mr. Johnson has made allegations regarding the conduct of the VA police and security officers in alleged incidents on a number of different dates (*see, e.g.,* Amended Complaint ¶¶ 19, 23, 24), and the defendant is entitled to basic information regarding the dates and reasons for these alleged encounters. Mr. Johnson should answer defendant's **Interrogatory No. 4** and identify his alleged encounters with the VA police and security personnel.

Basic facts regarding the arrest and resulting injuries. Mr. Johnson has refused to provide basic information regarding the alleged misconduct and his claimed injuries in this case. Mr. Johnson has refused to identify who he contends was involved in the incident (**Interrogatory Nos. 6, 9**); what those individuals did to injure or harm him (**Interrogatory No. 7**); and how he was injured (**Interrogatory No. 8**). Plaintiff has refused to provide the same who, what, and how information with respect to his claim for emotional distress injury (**Interrogatory Nos. 11-**

James Ellis Johnson
June 15, 2015
Page | 3

**12**).  This information is obviously central to Mr. Johnson's claims, and it is critical for Mr. Johnson to answer these interrogatories particularly with regard to how he claims he was injured. For example, Mr. Johnson appears to be claiming that he suffered a heart attack and blood clots during back surgery resulting from injuries sustained during the January 30, 2012 arrest.  The Court's current discovery orders do not permit defendant to obtain medical records regarding these complications from the VA, and defendant is entitled to discovery regarding the injuries that Mr. Johnson is claiming.  Mr. Johnson should answer defendant's **Interrogatory Nos. 6-9, 11-12** and identify who he claims injured him, what those individuals did, and how we was injured.

Witnesses.  Mr. Johnson has refused to identify the names of other potential witnesses that will support his claims.  At the June 9 meet and confer, Mr. Johnson indicated that he was not aware of any potential witnesses aside from Dr. Meg Pearson, who was the physician Mr. Johnson went to see on January 30, 2012.  Mr. Johnson should confirm that in writing in response to **Interrogatory Nos. 10 and 13**.

### 3. Subpoenas for non-VA medical records

We believe that we have identified the names of three non-VA health care providers from medical records produced by Mr. Johnson, although Mr. Johnson has not confirmed these names. Defendant has prepared subpoenas for Mr. Johnson's medical records from these providers (attached hereto as Exhibit C, with Mr. Johnson's date of birth and SSN redacted) and requests the Court issue an order authorizing the issuance of the subpoenas and the physicians' compliance therewith.  These records will help defendant prepare for plaintiff's deposition, summary judgment, and trial.  The date range for the attached subpoenas tracks the broad date range of medical documents and bills produced by Mr. Johnson, which begin in June 2011 and continue through the present.

Defendant thanks the Court for reviewing this request for assistance to obtain necessary and appropriate discovery.  Defense counsel is willing to participate in a telephone discovery conference should the Court believe that would be helpful.

<div style="margin-left: 50%;">

Very truly yours,

*/s/ Robin M. Wall*

Robin M. Wall
Assistant United States Attorney
Attorney for Defendant
United States of America

</div>

Encl.

# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*9th Floor, Federal Building*
*450 Golden Gate Avenue, Box 36055*
*San Francisco, California  94102-3495*

*Ph.:  (415) 436-7071*
*Fax: (415) 436-6748*

June 15, 2015

James Ellis Johnson
1819 Golden Gate Avenue, No. 12
San Francisco, California  94115

**Re:**    ***Johnson v. United States*, No. 13-cv-02405 JD**

Dear Mr. Johnson:

Thank you for meeting with me on June 9, 2015.  This letter concerns our meeting regarding your interrogatory responses, your document production, and the issues you raised in your voicemails last week.

## 1.  Interrogatory responses.

**Interrogatories 1-3**.  During our meeting, you continued to refuse to provide written responses to Interrogatories 1-3.  Defendant reserves its right to move the Court to compel a written response.

Nonetheless you identified the following non-VA health care providers who allegedly provided health care as a result of the January 30, 2012 incident:

- Kirk L. Jensen, M.D.
- Garrett Smith, M.D.
- P. Suzanne Maska, M.D.

Please respond if this is an inaccurate or incomplete list of the non-VA physicians from whom you sought or received care for any injuries, harm, or damage you suffered in connection with the January 30, 2012 incident.

As we discussed last Tuesday, the defendant plans on seeking copies of your medical and billing records from these non-VA physicians.  Attached are authorization forms to permit the release of your medical records for use in this lawsuit.  Please confirm that I have the correct address for each physician and provide an address for Dr. Smith.  Please date and sign the three authorization forms and return them to my attention in the attached return envelope.  These

James Ellis Johnson
June 15, 2015
Page | 2

authorization forms will expire upon the completion of this litigation. If you have any questions, please feel free to give me a call.

**Interrogatories 4-5.** During our meeting, you continued to refuse to provide written responses to Interrogatories 4-5, which concern VA and non-VA police stops, detentions, and arrests. Defendant reserves its right to move the Court to compel a written response.

**Interrogatories 6-9, 11-12.** During our meeting, you continued to refuse to provide written responses to Interrogatories 6-9 and 11-12, which concern information regarding the who, what and how of the January 30, 2012 incident and your alleged injuries. Defendant reserves its right to move the Court to compel a written response.

During our meeting, however, you did identify the following injuries and harm that you attribute to the incident:

- Aggravation of pre-existing injuries to your right shoulder;
- Injury to your left shoulder (e.g., it was "ripped apart");
- Injuries to your neck and back, resulting in ongoing numbness and pain in legs;
- Heart attack during back surgery; and
- Blood clots following back surgery.

Please respond if this is an inaccurate or incomplete list of the physical injuries, harm, or damage you claim to have suffered as a result of the incident.

Regarding the emotional stress and any other non-physical injuries you claim to have suffered as a result of the incident, you stated during our meeting that you had not yet seen a doctor or other health care provider regarding such injuries. Again, please respond if this is inaccurate.

**Interrogatories 10, 13.** During our meeting, you continued to refuse to provide written responses to Interrogatories 10 and 13, which seek the names of other potential witnesses that will support your claims. Defendant reserves its right to move the Court to compel a written response.

During our meeting, however, you did state that your are not aware at this time of any such witnesses outside of Dr. Meg Pearson, who you went to see for a medical appointment on January 30, 2012, and the VA police personnel involved in the incident. Please respond if this is inaccurate.

**Interrogatories 14-15.** During our meeting, you continued to refuse to provide written responses to Interrogatories 14 and 15, which seek the factual basis for your claim that the VA police did not have probable cause to arrest you on January 30, 2012.

During our meeting, however, you did state that you did not violate the terms of your order of behavioral restriction: you checked in with the VA police before proceeding to your

James Ellis Johnson
June 15, 2015
Page | 3

appointment with Dr. Pearson. Please respond if this is inaccurate or if you have anything to add to your response to these interrogatories.

**Interrogatory 16.** During our meeting, you refused to supplement your response to Interrogatory 16. Defendant reserves its right to move the Court to compel a written response. Nonetheless, you identified the following categories of damages that you would be seeking:

- Out-of-pocket medical expenses;
- Pain and suffering;
- Lost wages; and
- Punitive damages.

Since our meeting, you have identified an additional category of damages:

- Damage to your credit report

Please respond if this is an inaccurate or incomplete list of the general categories of damages that you are seeking in this action.

## 2. Document production.

Thank you for the documents that you have provided in response to defendant's requests for production.

You have produced medical records related to care and treatment through 2015. As you are aware, you asked the Court to limit the production of your medical records to defendant. Pursuant to the Court's order, defendant is only entitled to non-psychiatric medical records through June 30, 2012. Presumably you believe that the post-6/30/2012 medical records that you have produced are relevant to your claims. If that is not the case, please let me know as soon as possible. In light of your claims and the nature of the medical records that you have produced, the defendant intends to ask the Court to modify its discovery orders to permit defendant to obtain copies of any medical records related to care and treatment of your back, neck, shoulders and ankle through 2015.

Additionally, in light of your claim that you suffered a heart attack and blood clots as a result of surgeries following the January 30, 2012 incident and that your back injuries have resulted in numbness and pain in your legs, defendant intends to ask the Court to modify its discovery orders to permit defendant to obtain copies of medical records related to that alleged damage as well.

## 3. Voicemails.

You raised a number of issues in the voicemails you left last week. I was out of the office for part of last week and was not able to provide an earlier response.

James Ellis Johnson
June 15, 2015
Page | 4

First, regarding any subpoenas for your medical records and the use of Quest Discovery Service in connection with those subpoenas, I have not served any subpoenas on any VA medical facilities. While I do not believe that the Court's orders prevent the use of any subpoena or discovery service provider such as Quest, neither Quest nor any other third-party service provider has been used to obtain any discovery. While I believe that Quest did prepare subpoenas for medical records before I became involved in the case, I confirmed with Quest that those subpoenas should not be served in light of the Court's orders. The only medical records that have been obtained were those ordered by the Court (except for the medical records provided by you, which fall outside the court-ordered date range as discussed above). I hope that this clears up any misunderstanding.

Second, this office has not done anything to take your VA medical benefits away from you, as you claimed in one of your voicemails. I do not know the basis for your accusation, but it is completely unwarranted.

Third, as you have been informed before, the presence of security personnel in and around the courthouse is routine. I do not coordinate or control their activities.

Fourth, and finally, I have worked hard to treat you with the utmost respect, and I do not appreciate being called names on the phone. Please refrain from doing so in the future.

Very truly yours,

Robin M. Wall
Assistant United States Attorney

# AUTHORIZATION TO RELEASE MEDICAL INFORMATION

**TO:** Kirk L. Jensen, M.D.
3717 Mt. Diablo Blvd.
Suite 100
Lafayette, CA 94549

**PATIENT:** James Ellis Johnson
**NAME:** James Ellis Johnson
**BIRTH DATE:** 09/28/1950
**SSN:** 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

**RELEASE TO:**
Assistant United States Attorney
or Agency Representatives of the
United States Attorney's Office
or Department of Justice

**INFORMATION REQUESTED:** I request and authorize the above-named person or class of persons to release the information specified below to representatives of the United States Attorney's Office or the Department of Justice. Any and all records regarding treatment of **JAMES ELLIS JOHNSON** including but not limited to:

1. Copy of complete medical records, chart, progress notes & interview notes, discharge summaries, operative reports, x-ray & all imagery, laboratory tests, pathology tissue, and all diagnostic studies whether in electronic data or other format; and

2. Billing records.

**PURPOSE(S) OR NEED FOR WHICH INFORMATION IS TO BE USED:** For review and use by the Defendant in the pending case entitled *Johnson v. United States*, **Case No. 13-cv-02405-JD**, pending in the United States District Court for the Northern District of California.

**CERTIFICATION:** I certify that this request has been made voluntarily and that the information given above is accurate to the best of my knowledge. I understand that I may revoke this Authorization at any time, provided that revocation is in writing, except to the extent that action has already been taken in reliance this Authorization. I understand that the doctor, health care provider, or health plan from whom my medical information is requested in this Authorization, may not condition treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization. I understand the potential for the information disclosed pursuant to this Authorization to be subject to redisclosure by the recipient and no longer be protected by federal privacy regulations, Standards for Privacy of Individually Identifiable Health Information, set forth at 45 CFR Parts 160 and 164.

**EXPIRATION:**

Check one:

**_X_** This Authorization will automatically expire upon completion of the litigation *Johnson v. United States*, **Case No. 13-cv-02405-JD** pending the United States District Court for the Northern District of California.

**___** This Authorization will automatically expire upon completion of the administrative claim of
_____ filed on _____.

**___** This Authorization shall be effective until _____.

# AUTHORIZATION TO RELEASE MEDICAL INFORMATION [CONT.]

**OTHER CONDITIONS:**

X  A copy of this Authorization or my signature thereon shall be used with the same effectiveness as an original.

X  Communications between provider and any representative of the U.S. Attorney's Office/Department of Justice are authorized.

**SIGNATURE OF PATIENT:** _____  _____

**OR PERSON AUTHORIZED TO SIGN FOR PATIENT:*** _____

_____            _____
MONTH/DAY/YEAR                                                        PRINT OR TYPE NAME

*Provide basis of Authorization:_____

2

# AUTHORIZATION TO RELEASE MEDICAL INFORMATION

**TO:** P. Suzanne Maska, M.D.
Associated Neurology
Group, Inc.
365 Hawthorne Ave.
Suite 203
Oakland, CA 94609

**PATIENT:** James Ellis Johnson
**NAME:** James Ellis Johnson
**BIRTH DATE:** 09/28/1950
**SSN:** 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

**RELEASE TO:**
Assistant United States Attorney
or Agency Representatives of the
United States Attorney's Office
or Department of Justice

**INFORMATION REQUESTED:** I request and authorize the above-named person or class of persons to release the information specified below to representatives of the United States Attorney's Office or the Department of Justice. Any and all records regarding treatment of **JAMES ELLIS JOHNSON** including but not limited to:

1. Copy of complete medical records, chart, progress notes & interview notes, discharge summaries, operative reports, x-ray & all imagery, laboratory tests, pathology tissue, and all diagnostic studies whether in electronic data or other format; and

2. Billing records.

**PURPOSE(S) OR NEED FOR WHICH INFORMATION IS TO BE USED:** For review and use by the Defendant in the pending case entitled **_Johnson v. United States_, Case No. 13-cv-02405-JD**, pending in the United States District Court for the Northern District of California.

**CERTIFICATION:** I certify that this request has been made voluntarily and that the information given above is accurate to the best of my knowledge. I understand that I may revoke this Authorization at any time, provided that revocation is in writing, except to the extent that action has already been taken in reliance this Authorization. I understand that the doctor, health care provider, or health plan from whom my medical information is requested in this Authorization, may not condition treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization. I understand the potential for the information disclosed pursuant to this Authorization to be subject to redislosure by the recipient and no longer be protected by federal privacy regulations, Standards for Privacy of Individually Identifiable Health Information, set forth at 45 CFR Parts 160 and 164.

**EXPIRATION:**

Check one:
**X** This Authorization will automatically expire upon completion of the litigation **_Johnson v. United States_, Case No. 13-cv-02405-JD** pending the United States District Court for the Northern District of California.

___ This Authorization will automatically expire upon completion of the administrative claim of _____ filed on _____.

___ This Authorization shall be effective until _____.

## AUTHORIZATION TO RELEASE MEDICAL INFORMATION [CONT.]

**OTHER CONDITIONS:**

_X_ A copy of this Authorization or my signature thereon shall be used with the same effectiveness as an original.

_X_ Communications between provider and any representative of the U.S. Attorney's Office/Department of Justice are authorized.

SIGNATURE OF PATIENT: _____ _____

OR PERSON AUTHORIZED TO SIGN FOR PATIENT:* _____

_____                    _____

MONTH/DAY/YEAR                                      PRINT OR TYPE NAME

*Provide basis of Authorization:_____.

2

## AUTHORIZATION TO RELEASE MEDICAL INFORMATION

**TO:** Garret Smith, M.D.
**ADDRESS:**

**PATIENT:** James Ellis Johnson
**NAME:** James Ellis Johnson
**BIRTH DATE:** 09/28/1950
**SSN:** 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

**RELEASE TO:**
Assistant United States Attorney
or Agency Representatives of the
United States Attorney's Office
or Department of Justice

**INFORMATION REQUESTED:** I request and authorize the above-named person or class of persons to release the information specified below to representatives of the United States Attorney's Office or the Department of Justice. Any and all records regarding treatment of **JAMES ELLIS JOHNSON** including but not limited to:

1. Copy of complete medical records, chart, progress notes & interview notes, discharge summaries, operative reports, x-ray & all imagery, laboratory tests, pathology tissue, and all diagnostic studies whether in electronic data or other format; and

2. Billing records.

**PURPOSE(S) OR NEED FOR WHICH INFORMATION IS TO BE USED:** For review and use by the Defendant in the pending case entitled _**Johnson v. United States, Case No. 13-cv-02405-JD,**_ pending in the United States District Court for the Northern District of California.

**CERTIFICATION:** I certify that this request has been made voluntarily and that the information given above is accurate to the best of my knowledge. I understand that I may revoke this Authorization at any time, provided that revocation is in writing, except to the extent that action has already been taken in reliance this Authorization. I understand that the doctor, health care provider, or health plan from whom my medical information is requested in this Authorization, may not condition treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization. I understand the potential for the information disclosed pursuant to this Authorization to be subject to redisclosure by the recipient and no longer be protected by federal privacy regulations, Standards for Privacy of Individually Identifiable Health Information, set forth at 45 CFR Parts 160 and 164.

**EXPIRATION:**

Check one:

**X**   This Authorization will automatically expire upon completion of the litigation _**Johnson v. United States, Case No. 13-cv-02405-JD**_ pending the United States District Court for the Northern District of California.

___   This Authorization will automatically expire upon completion of the administrative claim of
_____ filed on _____.

___   This Authorization shall be effective until _____.

## AUTHORIZATION TO RELEASE MEDICAL INFORMATION [CONT.]

**OTHER CONDITIONS:**

_X_ A copy of this Authorization or my signature thereon shall be used with the same effectiveness as an original.

_X_ Communications between provider and any representative of the U.S. Attorney's Office/Department of Justice are authorized.

**SIGNATURE OF PATIENT:** _____  _____

**OR PERSON AUTHORIZED TO SIGN FOR PATIENT:*** _____

_____                    _____
MONTH/DAY/YEAR                                     PRINT OR TYPE NAME

*Provide basis of Authorization:_____.

2

# EXHIBIT B

DISC
S: 5/20/15 By 1st
Class Mail
R: 5/21/15

James Ellis Johnson
1819 Golden Gate Avenue, #12
San Francisco, CA 94115
(415) 624-5011
(415) 563-1975 (fax)
jamesellisjohnson@att.net

Plaintiff Representing Self

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES ELLIS JOHNSON,          )    Case No.:  13-CV-02405-JD
                              )
        Plaintiff,            )
                              )    PLAINTIFF'S RESPONSES TO DEFENDANTS'
    v.                        )    INTERROGATORIES
                              )
UNITED STATES, et al.,        )
                              )
        Defendant             )
                              )
                              )

        Plaintiff's response to Defendants' discovery request based upon information available at this time and without prejudice to the production of subsequently discovered information omitted despite having conducted a reasonable and good faith search.  Plaintiff does not waive the right to introduce such subsequently discovered information or documents into evidence.

**Objections in General**

        Plaintiff objects as follows:

        1.      Plaintiff objects to each request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine.

        2.      Plaintiff objects to each request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each request to the extent it is vague and ambiguous, and to the extent it does not describe the information or documents it seeks with reasonable particularity.

4.      Plaintiff objects to these requests to the extent that they seek information or documents to which Defendants have equal access and which is in Defendants' possession, custody, or control.

5.      Plaintiff objects to these requests as redundant, duplicative, onerous, harassing, unduly burdensome and confusing to the extent they are duplicative of, substantially the same as, cumulative of, or overlap with other document requests the Defendants have served.

6.      These general objects shall and do apply to each and every request and shall be and are incorporated by reference as thought set forth in full in each of the responses that follow below.  A general objection may specifically be interposed for the purpose of clarity in response to any particular request; however, the failure to specifically incorporate any general objection may not be construed as a waiver of the objection.  Subject to and without waiving the foregoing objections in general, Plaintiff responds as follows.

<div align="center">Interrogatories</div>

**INTERROGATORY NO. 1**

Identify every health care provider from whom you have sought or received care with respect to any injuries, harm, or damage you claim to have suffered as a result of the incident.

**Response to Interrogatory No. 1**

As this request relates to the VA medical information, the Defendants have been given access by order of the court on March 11, 2015, and which is in Defendants' possession, custody, or control.  Though the Defendants stated they did not want any non-VA medical information, the Defendants are already in possession of many of Plaintiff's non-VA health care providers, since the information was provided before the Defendants stated they had no need for it.  The Defendants seek information protected by the attorney work-product doctrine.

**INTERROGATORY NO. 2**

Identify every health care appointment you have had related to any injuries, harm, or damage you claim to have suffered as a result of the incident.

Response to Interrogatory No. 2

Plaintiff objects that this interrogatory is overly broad, vague and ambiguous, and compound. As it relates to VA medical appointments, the Defendants have this information. The Assistant U.S. Attorney James A. Scharf decided to seek discovery by way of subpoena. This was taken to the court, and the court ruled on March 11, 2015. The Defendants can't do it over because he does not like what he inherited.

INTERROGATORY NO. 3

Please list, in chronological order, the name, address and telephone number of each health care provider who rendered medical care or treatment to you from January 30, 2012 until the present.

Response to Interrogatory No. 3

Plaintiff objects that this interrogatory is overly broad, vague and ambiguous, and compound. As it relates to VA medical appointments, the Defendants have this information.

INTERROGATORY NO. 4

Identify every time you have ever been stopped, detained, or arrested by a Department of Veterans Affairs law enforcement or security officer, including the date of the January 30, 2012, incident and the basis for each stop, detention, or arrest.

Response to Interrogatory No. 4

Plaintiff objects that this interrogatory is overly broad, vague and ambiguous, and compound. As it relates to VA medical appointments, the Defendants have this information.

INTERROGATORY NO. 5

Identify every time you have ever been stopped, detained, or arrested by any other law enforcement or security officer other than those identified in response to Interrogatory No. 4, and the basis for each stop, detention, or arrest.

Response to Interrogatory No. 5

Plaintiff objects that this interrogatory is overly broad, vague and ambiguous, and compound.

**INTERROGATORY NO. 6**

Identify every person you contend committed or participated in the incident.

**Response to Interrogatory No. 6**

Plaintiff objects that this interrogatory is overly broad, vague and ambiguous, and compound. As it relates to VA medical appointments, the Defendants have this information. In order for the Plaintiff to identify every person he contends committed or participated in the incident, Plaintiff would have to be allowed to do his discovery.

**INTERROGATORY NO. 7**

Identify all acts or omissions by Defendant, through its employees and/or agents, which you contend resulted in any injury, harm, or damage you claim to have suffered as a result of the incident.

**Response to Interrogatory No. 7**

Plaintiff objects that this interrogatory is overly broad, vague and ambiguous, and compound. All of the requested information that is understood the Defendants already have. There is no need to be redundant or duplicative. But in the case the Plaintiff is not understanding the Defendants' request, Plaintiff is willing to meet and confer.

**INTERROGATORY NO. 8**

Identify every part of your body that you contend suffered injury, harm, or damage, and what kind of injury, harm, or damage that body part suffered as a result of the incident.

**Response to Interrogatory No. 8**

Plaintiff objects that this interrogatory is overly broad, vague and ambiguous, and compound. As it relates to VA medical appointments, the Defendants have this information. Plaintiff is not a doctor himself, but Plaintiff's claim to the Defendants, Plaintiff's complaint, and amended complaints outline what parts of Plaintiff's body, as well as his mind, suffered injury harm, or damage, and the Defendants have this. In terms of Plaintiff's non-VA medical records as they relate to what extent Plaintiff's body suffered injury, harm, or damage as a result of the incidents, because there was more than one, the Defendants stated they did not want these medical notes, so they were not part of the February 11, 2015, court order. Plaintiff has not

received all his medical records request of non-VA doctors. Plaintiff has not had some appointments set. Plaintiff is willing to meet and confer on this interrogatory. Keep in mind these notes are part of the attorney work-product doctrine.

**INTERROGATORY NO. 9**

Identify employees and/or agents of Defendant you contend acted in a manner that results in any injury, harm, or damage you claim to have suffered as a result of the incident.

**Response to Interrogatory No. 9**

Plaintiff objects that this interrogatory is overly broad, vague and ambiguous, and compound. As it relates to VA medical appointments, the Defendants have this information. Plaintiff does not have four of the names of policemen nor does he have the names of the staff workers that were part of this. In order to answer this interrogatory, Plaintiff needs to do discovery.

**INTERROGATORY NO. 10**

Identify every person known to you, your representatives, or your attorneys, who will support your contention that Defendant, through its employees and/or agents, acted in a manner that you contend resulted in any injury, harm, or damage you claim to have suffered as a result of the incident.

**Response to Interrogatory No. 10**

Plaintiff objects that this interrogatory is overly broad, vague and ambiguous, and compound. Plaintiff objects to each request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Plaintiff is pro se.

**INTERROGATORY NO. 11**

Please identify all acts or omissions by Defendant, through their employees and/or agents, which you contend resulted in your emotional distress.

**Response to Interrogatory No. 11**

Plaintiff objects that this interrogatory is overly broad, vague and ambiguous, and compound. As it relates to VA medical appointments, the Defendants have this information. The problem here is fixing a date to the beginning of this emotional distress because it cannot

just be said it began on January 30, 2012. The beginning should be November 2010 when the Defendants violated the new VA regulation to present. Plaintiff has yet to meet with his doctor in this area. This will begin to take place on May 30, 2015. The parties can meet and confer on this issues. The information is protected by the attorney work-product doctrine. The court order does not give the Defendants non-VA records.

**INTERROGATORY NO. 12**

Identify the employees and/or agents of Defendant you contend acted in a manner that resulted in your emotional distress.

**Response to Interrogatory No. 12**

Plaintiff objects that this interrogatory is overly broad, vague and ambiguous, and compound. As it relates to VA medical appointments, the Defendants have this information. The top leadership of the hospital, key members of their staff, medical personnel, doctors and the hospital police, and some veterans', when Plaintiff is allowed time to do his discovery, names will be presented.

**INTERROGATORY NO. 13**

Identify every person known to you, your representatives, or your attorneys, who will support your contention that Defendant, through its employees and/or agents, acted in a manner that resulted in your emotional distress.

**Response to Interrogatory No. 13**

Plaintiff objects that this interrogatory is overly broad, vague and ambiguous, and compound. Plaintiff is pro se. Plaintiff intends to use the deposition of VA police, head of the hospital, the top staff, and others who carried out the conspiracy meant to run a 100%-rated veteran away from his benefits so that they could undermine a Federal trial. Terrorizing a disabled person, first degree criminal assault and battery with malice intended on a disabled person, which, in truth and under the law, was three hours and ten minutes of torture. Three days of more torture after the July 16, 2015, back surgery, a heart attack, a blood clot being allowed to move from Plaintiff's legs up into his lungs developing into a pulmonary embolus, bringing Plaintiff close to death, and recovery from three surgeries. You think that you are going to get

anyone to believe there was no intentional infliction of emotional distress? You know what happened to the black man that was murdered by the police in Baltimore, Maryland. I didn't die, but it is an undeniable fact that the same thing that happened to him was done to Plaintiff in the back of the small police car. Plaintiff objects to each request to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. In fact, Defendants' discovery for medical records is done.

**INTERROGATORY NO. 14**

Explain in detail why you contend that Defendant, through its employees, did not have probable cause for your arrest on January 30, 2012.

**Response to Interrogatory No. 14**

Plaintiff objects that this interrogatory is overly broad, vague and ambiguous, and compound. As it relates to VA medical appointments, the Defendants have this information.

**INTERROGATORY NO. 15**

Explain in detail why you contend that Defendant, through its employees, did not have probable cause and/or lawful privilege for your arrest on January 30, 2012.

**Response to Interrogatory No. 15**

As it relates to probable cause, which is part of this case, Plaintiff objects that this interrogatory is overly broad, vague and ambiguous, and compound. As it relates to VA medical appointments, the Defendants have this information. An order from Judge Donato made it 100% clear nothing new could be added to this case without the approval of the Court; "or lawful privilege for your arrest" is something new, and therefore unlawful. Therefore, Plaintiff refuses to give a response.

**INTERROGATORY NO. 16**

Itemize, describe, and quantify in monetary matters each and every aspect of the damages you claim in this action.

Plaintiff's Responses to Defendants' Interrogatories

## Response to Interrogatory No. 16

If the parties were in a settlement situation, Plaintiff would take the time to understand what the Defendants mean when they say itemize. Plaintiff answers the rest of the interrogatory No. 16 with the following:

**Damages:** *Monetary compensation that is awarded by a court in a civil action to an individual who has been injured through the wrongful conduct of another party.*

Damages attempt to measure in financial terms the extent of harm a plaintiff has suffered because of a defendant's actions. Damages are distinguishable from costs, which are the expenses incurred as a result of bringing a lawsuit and which the court may order the losing party to pay. Damages also differ from the verdict, which is the final decision issued by a jury.

The purpose of damages is to restore an injured party to the position the party was in before being harmed. As a result, damages are generally regarded as remedial rather than preventive or punitive. However, Punitive Damages may be awarded for particular types of wrongful conduct. Before an individual can recover damages, the injury suffered must be one recognized by law as warranting redress, and must have actually been sustained by the individual.

1.   **Compensatory Damages:** With respect to compensatory damages, a defendant is liable to a plaintiff for all the natural and direct consequences of the defendant's wrongful act. Remote consequences of a defendant's act or omission cannot form the basis for an award of compensatory damages.

The measure of compensatory damages must be real and tangible, although it can be difficult to fix the amount with certainty, especially in cases involving claims such as pain and suffering or emotional distress. In assessing the amount of compensatory damages to be awarded, a trier of fact (the jury or, if no jury exists, the judge) must exercise good judgment and common sense, based on general experience and knowledge of economics and social affairs. Within these broad guidelines, the jury or judge has wide discretion to award damages in

whatever amount is deemed appropriate, so long as the amount is supported by the evidence in the case.

2.  **"Reckless Misconduct" Provisions**: Most states classify tort violations as either an intentional act or negligence (unintentional or breach of duty) or intentional acts.  California includes a third category of liability, "reckless misconduct".  Reckless misconduct is basically a willful disregard of the rights or safety of others.  The addition of this intermediate, hybrid category may often allow for a much higher amount of monetary recovery than a standard negligence claim.

3.  **Punitive Damages**: Punitive damages, also known as exemplary damages, may be awarded to a plaintiff in addition to compensatory damages when a defendant's conduct is particularly willful, wanton, malicious, vindictive, or oppressive.  Punitive damages are awarded not as compensation, but to punish the wrongdoer and to act as a deterrent to others who might engage in similar conduct.

The amount of punitive damages to be awarded lies within the discretion of the trier of fact, which must consider the nature of the wrongdoer's behavior, the extent of the plaintiff's loss or injury, and the degree to which the defendant's conduct is repugnant to a societal sense of justice and decency.  An award of punitive damages will usually not be disturbed on the grounds that it is excessive, unless it can be shown that the jury or judge was influenced by prejudice, bias, passion, partiality, or corruption.

In the late twentieth century, the constitutionality of punitive damages has been considered in several U.S. Supreme Court decisions.  In 1989, the Court held that large punitive damages awards did not violate the Eighth Amendment prohibition against the imposition of excessive fines (*Browning-Ferris Industries of Vermont v. Kelco Disposal*, 492 U.S. 257, 109 S. Ct. 2909, 106 L. Ed. 2d 219).  Later, in *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1, 111 S. Ct. 1032, 113 L. Ed. 2d 1 (1991), the Court held that unlimited jury discretion in awarding punitive damages is not "so inherently unfair" as to be unconstitutional under the

due process clause of the Fourteenth Amendment to the U.S. Constitution. And in *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 113 S. Ct. 2711, 125 L. Ed. 2d 366 (1993), the Court ruled that a punitive damages award that was 526 times the compensatory award did not violate due process. Both *Haslip* and *TXO Production* disappointed observers who hoped that the Court would place limits on large and increasingly common punitive damages awards. In a 1994 decision, the Court did strike down an amendment to the Oregon Constitution that prohibited judicial review of punitive damages awards, on the ground that it violated due process (*Honda Motor Co. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 129 L. Ed. 2d 336).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Respectfully submitted,

Dated:   May 20, 2015

by_____
James Ellis Johnson
Pro Se Plaintiff
Mailing: 1819 Golden Gate Avenue, #12
San Francisco, CA 94115
(Phone) 415-624-5011
(Fax) 415-563-1975
jamesellisjohnson@att.net

State of California
County of _San francisco_  )
                           )

Subscribed to and sworn to (or affirmed) before me this __20__ day of __May__, __20 15__ by

_James Ellis Johnson_

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____

See attached California Jurat

_____10_____
Plaintiff's Responses to Defendants' Interrogatories

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California, County of _San Francisco_

Subscribed and sworn to (or affirmed) before me on this _20_ day

of _May_ , _2015_ by _James Ellis Johnson_

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (seal)

EVAN ASHER
Commission # 2024402
Notary Public - California
San Francisco County
My Comm. Expires Mar _, 20__

# EXHIBIT C

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | | |
|---|---|---|
| JAMES ELLIS JOHNSON | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   C 13-02405 JD |
| | ) | |
| UNITED STATES OF AMERICA, ET AL. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      P. Suzanne Maska, M.D./Custodian of Records (PH:510.834.5778/FX: 510.834.0463)
Associated Neurology Medical Group, Inc., 365 Hawthorne Ave., Ste. 203, Oakland, CA 94609

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1 for Details
Re: James Ellis Johson DOB: ███████████

| Place: | Quest Discovery Services<br>981 Ridder Park Drive<br>San Jose, CA 95131<br>PH: 800.800.6800/FX: 800.270.7071/SJ-Status@Questds.com<br>*Appearance note required. Send all materials to this address. | Date and Time:<br><br>07/27/2015 9:00 am |
|---|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      06/23/2014

| | | |
|---|---|---|
| _CLERK OF COURT_ | OR | _/s/_ Robin M. Wall, AUSA |
| _____<br>_Signature of Clerk or Deputy Clerk_ | | _____<br>_Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ ____Defendant____
United States of America _____ , who issues or requests this subpoena, are:

Robin M. Wall, AUSA (PH: 415.436.7107/FX: 415.436.6748/robin.wall@usdoj.gov)
U.S. Attorney's Office/Civil Division, 450 Golden Gate Ave., 9th Floor, San Francisco, CA 94102-3495

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. C 13-02405 JD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **Attachment 1**

**To:**    P. Suzanne Maska, M.D./Custodian of Records
Associated Neurology Medical Group, Inc.
365 Hawthorne Ave., Ste. 203
Oakland, CA 94609
PH: 510.834.5778/FX: 510.834.0463

**Records Pertaining To:**    **James Ellis Johnson**
**Date of Birth:**
**Social Security Number:**

**Records Requested:**

1. Copy of complete medical records, chart, progress notes & interview notes, discharge summaries, operative reports, x-ray & all imagery, laboratory tests, pathology tissue, and all diagnostic studies whether in electronic data or other format;

2. Billing records; and

3. All medical records of P. Suzanne Maska, M.D.

**Time-Frame: June 1, 2011 - present**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

JAMES ELLIS JOHNSON

*Plaintiff*

v.

UNITED STATES OF AMERICA, ET AL.

*Defendant*

)
)
)
)
)
)
)

Civil Action No.   C 13-02405 JD

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Kirk L. Jensen, M.D./Custodian of Records (PH:925.284.5300/FX: 925.284.5381)
East Bay Shoulder Clinic & Sports Rehabilitation, Inc., 3717 Mt Diablo Blvd., Ste. 100, Lafayette, CA 94549

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material: See Attachment 1 for Details
        Re: James Ellis Johson DOB: ███████████

| Place: Quest Discovery Services<br>981 Ridder Park Drive<br>San Jose, CA 95131<br>PH: 800.800.6800/FX: 800.270.7071/SJ-Status@Questds.com<br>*Appearance note required. Send all materials to this address. | Date and Time:<br><br>07/27/2015 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:      06/23/2014

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR      *R M Wall*
/s/ Robin M. Wall, AUSA
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Defendant
United States of America
_____, who issues or requests this subpoena, are:

Robin M. Wall, AUSA (PH: 415.436.7107/FX: 415.436.6748/robin.wall@usdoj.gov)
U.S. Attorney's Office/Civil Division, 450 Golden Gate Ave., 9th Floor, San Francisco, CA 94102-3495

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the
inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before
it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  C 13-02405 JD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **Attachment 1**

**To:**   Kirk L. Jensen, M.D./Custodian of Records
East Bay Shoulder Clinic & Sports Rehabilitation, Inc.
3717 Mt Diablo Blvd., Ste. 100
Lafayette, CA 94549
PH:925.284.5300/FX: 925.284.5381

**Records Pertaining To:**        **James Ellis Johnson**
**Date of Birth:**
**Social Security Number:**

**Records Requested:**

1. Copy of complete medical records, chart, progress notes & interview notes, discharge summaries, operative reports, x-ray & all imagery, laboratory tests, pathology tissue, and all diagnostic studies whether in electronic data or other format;

2. Billing records; and

3. All medical records of Kirk L. Jensen, M.D.

**Time-Frame: June 1, 2011 - present**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | | |
|---|---|---|
| JAMES ELLIS JOHNSON | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. C 13-02405 JD |
| | ) | |
| UNITED STATES OF AMERICA, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Jason A. Smith, M.D./Custodian of Records (PH:925.939.3000)
John Muir Medical Center, Walnut Creek Campus, 1601 Ygnacio Valley Road, Walnut Creek, CA 94598

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1 for Details
Re: James Ellis Johson DOB: ▮▮▮▮▮▮▮▮▮

| Place: Quest Discovery Services<br>981 Ridder Park Drive<br>San Jose, CA 95131<br>PH: 800.800.6800/FX: 800.270.7071/SJ-Status@Questds.com<br>*Appearance note required. Send all materials to this address. | Date and Time:<br><br>07/27/2015 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/23/2014

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | /s/ Robin M. Wall, AUSA |
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___Defendant___
United States of America _____ , who issues or requests this subpoena, are:

Robin M. Wall, AUSA (PH: 415.436.7107/FX: 415.436.6748/robin.wall@usdoj.gov)
U.S. Attorney's Office/Civil Division, 450 Golden Gate Ave., 9th Floor, San Francisco, CA 94102-3495

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  C 13-02405 JD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **Attachment 1**

**To:**    Jason A. Smith, M.D./Custodian of Records
John Muir Medical Center, Walnut Creek Campus
1601 Ygnacio Valley Road
Walnut Creek, CA 94598
PH: 925.939.3000

**Records Pertaining To:**    **James Ellis Johnson**
**Date of Birth:**
**Social Security Number:**

**Records Requested:**

1. Copy of complete medical records, chart, progress notes & interview notes, discharge summaries, operative reports, x-ray & all imagery, laboratory tests, pathology tissue, and all diagnostic studies whether in electronic data or other format;

2. Billing records; and

3. All medical records of Jason A. Smith, M.D.

**Time-Frame: June 1, 2011 - present**