UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br>　　　　Plaintiff,<br>　v.<br>UNITED STATES OF AMERICA,<br>　　　　Defendant. | Case No. 13-cv-02405 JD (NJV)<br>ORDER RE PLAINTIFF'S DISCOVERY MOTIONS<br>Dkt. Nos. 191, 192, 194, 195, 202, 203 |

On July 13, 2015, District Judge Donato referred this case to the undersigned "to address any discovery disputes or other issues that may arise in the case moving forward on a prompt and informal basis to the extent appropriate." (Doc. 170.) On September 23, 2015, Plaintiff filed motions at docket nos. 191, 192, 194, and 195. Pursuant to the court's order, Defendant filed a letter brief addressing those motions on October 1, 2015. (Doc. 200.) In that letter brief, Defendant also addressed Plaintiff's further discovery motion filed October 2, 2015. (Doc. 203.) On October 13, 2015, Plaintiff filed a response to Defendant's letter brief. (Doc. 208) Having carefully considered the parties' papers, the court rules as follows on Plaintiff's motions.

<u>Docket No. 191 –Motion to Quash</u>

In this motion, Plaintiff seeks to quash subpoenas directed to Dr. Tolbert J. Small and Dr. Kirk L. Jensen. On September 30, 2015, Plaintiff filed a motion to withdraw his motion to quash. (Doc. 202.) Plaintiff's motion to withdraw his motion to quash is GRANTED. Plaintiff's motion to quash is accordingly DENIED as moot.

Docket No. 192 – Motion for Court Order

Plaintiff seeks a court order to serve a subpoena on the City and County of San Francisco for the production of documents and the production of tangible things. The court issued a subpoena for the production of these items on September 11, 2015. (Doc. 189.) Accordingly, a court order for the issuance of such a subpoena is unnecessary. Plaintiff's motion for a court order is DENIED as moot.

Docket No. 194 – Motion to Compel

Plaintiff seeks to compel Dr. Hong Yu to answer written deposition questions. Plaintiff's motion does not comply with the procedure for written deposition questions set forth in Rule 31, Federal Rules of Civil Procedure. Under the procedure set forth in Rule 31(b), pre-determined written questions are read by court reporter, who records the deponent's answers, and prepares a transcript. A deponent cannot be compelled to simply respond to "written deposition questions" without following the deposition procedure established in Rule 31(b).

Plaintiff's questions cannot be construed as written interrogatories. Dr. Yu is not a party to this action, and cannot be compelled to respond to interrogatories under Rule 33, Federal Rules of Civil Procedure. Plaintiff's motion to compel is DENIED on the merits.

Docket No. 195- Motion to Compel

Plaintiff seeks to obtain photographs of a VA police car and a holding cell. District Judge Donato denied Plaintiff's previous motion to compel these items in his order of July 27, 2015, finding that they "are of very doubtful relevance to this case, and the burden of requiring defendant to devote the resources needed to set up the pictures substantially outweighs their questionable utility." (Doc. 181.) Plaintiff has not identified any "material difference in fact or law" or the emergence of new material facts or a change of law" that would support reconsideration of Judge Donato's order under Civil Local Rule 7-9(b)(1)-(2). The court finds no merit to this portion of Plaintiff's motion.

Plaintiff refers to "the fake deposition answers" of Lucas C. Coulter, VA Criminal Investigator. Defendant, however, provides as Exhibit C to its letter brief Coulter's Responses and Objections, which are verified under penalty of perjury. (Doc. 200, page 33.)

Plaintiff seeks evidence regarding phone calls. In his Order of July 27, 2015, Judge Donato stated, "Johnson believes a tape recording exists for his phone call with Officer Cowin in February 2012. Defendant is order to state whether a recording exists and to provide a copy to Johnson if it does." (Doc. 181.) Defendant provided that information to Plaintiff in its Response and Objections to Plaintiff's Requests for Production and Inspection dated July 10, 2015. Defendant provides an excerpt of the Response and Objections as Exhibit D to its letter brief wherein Defendant asserts that it has conducted a reasonably diligent search and has located no responsive documents. (Doc 200, p. 38.) As Defendant explains in its letter brief, Criminal Investigator Coulter stated in his Responses and Objections that the only recorded line is the police dispatch line, which is the line that receives emergency and non-emergency calls for the VA police. The other phone lines in the security station are not recorded. (Doc. 200, page 27.)

Plaintiff seeks evidence regarding the existence of the police car that was used to transport him to San Francisco County Jail. Defendant's written Objections and Responses to Plaintiff's request for production number 17 provides: "The police cars used by the VA police at the San Francisco Medical Center are leased. The police car that transported plaintiff was returned in 2014 and is no longer available. The car was either a 2008 or 2009 Police Package Dodge Charger." (Doc. 200, p. 10.) The court finds no basis for Plaintiff's claim that Defendant has failed to produce evidence under its control. Plaintiff's request for sanctions is without legal or factual basis. Plaintiff's motion to compel and request for sanctions are DENIED on the merits.

Docket No. 203 - Motion to Compel

Plaintiff seeks the issuance of subpoenas to compel responses to five additional sets of "written deposition questions" similar to those addressed to Dr. Yu. Defendant states that despite

3

the fact that Plaintiff's requests were not proper under Rule 31, nor were they proper interrogatories under Rule 33, Defendant obtained verified responses from the requested individuals to the 61 questions posed by Plaintiff. Plaintiff's request for the issuance of subpoenas to compel these responses is therefore DENIED as moot.

Dated:   October 16, 2015          _____

NANDOR J. VADAS  
United States Magistrate Judge