UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br>　　　　Plaintiff,<br>　　v.<br>UNITED STATES OF AMERICA,<br>　　　　Defendant. | Case No. 13-cv-02405-JD<br><br>**ORDER**<br>Re: Dkt. No. 217 |

　　　　The Court has received plaintiff's filing about various discovery issues. Dkt. No. 217. In light of plaintiff's pro se status, the Court construes the filing as a request to terminate the referral of discovery disputes in this case to Magistrate Judge Vadas. The request is denied for lack of any cause, let alone good cause or other solid reason.

　　　　The Court also construes the motion as objections to Magistrate Judge Vadas' October 16, 2015 discovery order (Dkt. No. 212) under Federal Rule of Civil Procedure 72(a). Plaintiff appears to object to the decision to deny his requests for: (1) the production of recordings of "two phone calls to the police dispatch number," (2) the production of "the small police car," and (3) a subpoena to Dr. Yu. Dkt. No. 217 at 1-2. The objections are overruled.

　　　　Plaintiff cites no support for his contention that the "Defendant admits that these calls are recorded," Dkt. No. 217 at 1, and does not explain how the Magistrate Judge erred relying on defendant's statements that no such recordings were found in its investigation. *See* Dkt. No. 212 at 3. Plaintiff also fails to show any error in the Magistrate Judge's finding that the police car is no longer in defendant's control and cannot be produced. Dkt. No. 217 at 1; *see* Dkt. No. 212 at 3. Plaintiff is incorrect that Federal Rule of Civil Procedure 31 does not require a court reporter; Dr. Yu cannot be compelled to provide written responses under the Rule. Dkt. No. 217 at 1; *see* Fed. R. Civ. P. 31(a)(3) ("The notice must also state the name or descriptive title and the address of the

1  officer before whom the deposition will be taken"); Fed R. Civ. P. 31(b) (requiring the officer
2  "proceed in the manner provided in Rule 30(c), (e), and (f)"); Fed. R. Civ. P. 30(c)(3) ("the officer
3  must record the testimony.")  Because the October 16, 2015 order is neither "clearly erroneous"
4  nor "contrary to law," plaintiff's objections are overruled.  *See* Fed. R. Civ. P. 72(a).

5       On a separate note, the Court is concerned about the tone and content of some of plaintiff's
6  statements in the discovery filing.  The standards of civility and courtesy required of all persons
7  that appear before the district court apply to pro se litigants.  It is not acceptable to make personal
8  attacks in court filings on the Judges of this district or other parties and counsel.  The Court has no
9  evidence that any Judge or party in this case has engaged in impermissible ex parte
10 communications or other unethical conduct, and plaintiff's accusations are not well taken.
11 Plaintiff is advised that any future filings that include personal attacks on the parties, lawyers or
12 Judges will be stricken, and may result in an order requiring the Court's permission before
13 plaintiff is allowed to make further filings in this case.

14 **IT IS SO ORDERED.**

15 Dated: November 13, 2015

_____
JAMES DONATO
United States District Judge