UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br>   Plaintiff,<br>   v.<br>UNITED STATES OF AMERICA,<br>   Defendant. | Case No. 13-cv-02405-JD<br><br>**ORDER**<br>Re: Dkt. No. 227 |

The Court has received plaintiff's request for another extension of the expert disclosures deadlines and to extend the deadline for responding to defendant's motion for partial summary judgment. Dkt. No. 227. Defendants oppose the first request. The Court grants in part and denies in part the requests.

The Court denies plaintiff's request to extend the time to respond to the summary judgment motion. This motion has been pending since September 23, 2015, and the deadline for plaintiff to respond to the motion has already been extended twice. Dkt. Nos. 207, 216. Plaintiff says that he should not have to respond to the motion until "discovery is over" or has in hand discovery "he has a legal right to." But as the parties are aware, fact discovery in this matter closed on November 13, 2015. *See* Dkt. No. 216. And although plaintiff has a few lingering motions to compel pending, he has not demonstrated any link between the allegedly outstanding information and his response to the motion. Nor has Johnson explained how the expert report he seeks on his "medical records" from a "shoulder doctor" could possibly impact his response to the partial summary judgment motion, which is narrowly focused on the single issue of whether the officers had cause to arrest plaintiff Johnson on January 30, 2012. *See* Dkt. No. 219; Dkt. No. 188. Plaintiff has not identified any "substantial harm or prejudice that would occur" if the Court does not grant a third extension, as required under local rules. *See* Civil L.R. 6-3(a)(3).

Consequently, the Court denies plaintiff's request for a third extension to respond to the summary judgment motion.

The Court grants plaintiff's request for an extension of time to submit an expert report. Although defendant points out that the expert discovery deadline has already been extended three times to accommodate plaintiff, its objection to the extension appears based mainly on a projected overlap with pre-trial deadlines.  Dkt. No. 228.  While that concern is certainly valid, the Court needs to continue the trial date in this case to accommodate another matter.  The Court **vacates** the pre-trial conference and trial dates in this matter, **resets** the pre-trial conference date to **April 6, 2016 at 3:00 p.m.**, and sets the trial date on **April 25, 2016**.  Given this extension of the overall schedule, the Court grants plaintiff's request to serve his expert report by January 21, 2016.  If plaintiff meets that date, defendant may serve a responsive report by February 4, 2016.  This is the last extension that will be granted for plaintiff's expert report.

The Court has a new Standing Order for Civil Jury Trials available on the Court's website that sets out revised deadlines for pretrial matters.  The parties should read this standing order before planning their pre-trial filings.

**IT IS SO ORDERED.**

Dated: December 22, 2015

_____
JAMES DONATO
United States District Judge