UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 13-cv-02405-JD<br><br>**ORDER RE PLAINTIFF'S TRIAL SUBPOENAS**<br><br>Re: Dkt. No. 279 |

Pro se plaintiff James Johnson moves the Court to compel defendant United States to accept "21 of 25 subpoenas for all the VA employees Plaintiff wants to appear and testify at trial." Dkt. No. 279. According to Johnson, counsel for defendant said he will not accept service of the subpoenas, leaving Johnson with the task of trying to serve each employee individually. Johnson seeks a 60-day extension of the bench trial the Court has set for April 25, 2016, to effect service.

Defendant United States responds that the subpoenas are defective under Federal Rule of Civil Procedure 45 if not served on the witness individually, and because plaintiff did not provide witness fees at the time of service. Dkt. No. 280 at 3. Nevertheless, defendant "offered to work with plaintiff to coordinate the attendance at trial of a reasonable number of VA witnesses of plaintiff's own choosing." *Id*. (emphasis removed). Defendant offered to arrange attendance of 3 VA witnesses at the start of trial on April 25, 2016, to arrange 3 more VA witnesses to be on three-hour notice to testify, and to stipulate to the authenticity and admissibility of plaintiff's medical records as business records. Defendant also notes that 4 of the 21 witnesses whose attendance is sought are no longer VA employees, and defendant can no longer compel their attendance. *Id*. at 4. Defendant opposes a continuance of the trial.

The Court reminds Johnson that the trial is only about his arrest on January 30, 2012. This was a single, discrete event that can be properly tried over the two days the Court has scheduled.

1  *See Rowan v. City of Irvine*, 100 F.3d 964, 1996 WL 616662, at *4 (9th Cir. 1996) (affirming trial court's limitation of trial length due to limited scope of evidence to be addressed). The Court is aware that Johnson would prefer that this case be about prior problems in his medical care and his prior medical malpractice suit, but those claims are not in this case. *See* Dkt. Nos. 75, 119, 155 (dismissing claims). The Court will not allow evidence on any dismissed claims during the trial and specifically will not permit testimony on irrelevant issues.

At the pretrial conference on March 16, 2016, the Court discussed the trial schedule and the number of witnesses that Johnson reasonably needs to call to put on his case. The Court specifically reminded Johnson that the scope of this action is limited to the January 30, 2012 incident and injury resulting from that incident, so Johnson needed to focus on witnesses whose testimony relates to those issues. The Court specifically advised Johnson that testimony of ten to fifteen doctors on various medical issues is not warranted, and Johnson assured the Court that he would not call more than five or six witnesses aside from his expert.

The 21 witnesses Johnson seeks to subpoena for trial are not consistent with these discussions or the Court's guidance. In addition, Johnson has not provided the Court with any justification for not serving the subpoenas personally and with fees other than an alleged deal with defendant's counsel to accept service. *See Chima v. U.S. Dep't of Def.*, 23 F. App'x 721, 724 (9th Cir. 2001) (affirming district court's refusal to compel trial appearance of employees of defendant that were not personally served).

The request for a continuance is denied. In light of the defendant's offer to accept service for a reasonable number of VA witnesses, the Court orders that it accept subpoenas for Meg Pearson, Lucas C.S. Coulter, and Dennis Neeley, who were identified in defendant's summary judgment filings as key witnesses to the incident on January 30, 2012. *See* Dkt. No. 188-2 ¶¶ 6-7, 18, 25. The Court also directs defendant ensure the attendance at trial of five to six additional VA witnesses of Johnson's designation, so long as they relate to the arrest incident. **All of the VA witnesses need to be available immediately during the bench trial. The Court will not accept a three-hour notice arrangement.** That will almost certainly result in delays and misuse of the

Court's and the parties' time.  Defendant need not facilitate appearance at trial of persons who are no longer its employees.

**IT IS SO ORDERED.**

Dated: April 7, 2016

_____
JAMES DONATO
United States District Judge