UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 13-cv-02405-JD<br><br>**ORDER RE: MOTION FOR A NEW TRIAL**<br><br>Re: Dkt. No. 318 |

On September 13, 2016, pro se plaintiff James Ellis Johnson filed a motion for a new trial under Rule 59(b). Dkt. No. 318. The motion is denied.

**BACKGROUND**

On April 25-26, 2016, the Court held a bench trial under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, on Johnson's claims for assault, battery, false arrest and intentional infliction of emotional distress. Twenty witnesses testified, including VA police officers, several treating physicians, Johnson, and two expert witnesses. Dkt. No. 316 ¶ 8. On August 26, 2016, after the close of the parties' post-trial briefing, the Court issued a 22-page Findings of Fact and Conclusions of Law that found against Johnson on the claims for assault, false arrest, and intentional infliction of emotional distress, and in favor of Johnson on the claim for battery from being handcuffed for an extended period. Dkt. No. 316.

On September 13, 2016, Johnson filed a motion for a new trial. For the most part, the motion repeats Johnson's prior allegations of collusion between the Court and the U.S. Attorney's Office, counsel for defendant, along with claims that the trial transcript was "doctored," Johnson was kept "from sleeping for two days" and was rushed to trial, and overall "corruption" in the

handling of this case. Dkt. No. 318. The Court has previously considered and denied similar claims on several occasions in this case. *See, e.g.*, Dkt. No. 316 ¶¶ 6-7.

Under Rule 59, the authority to grant a new trial "is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980). In an action tried without a jury, as this one was, a court may grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). More specifically, a new trial in a court-tried action may be granted for: (1) a manifest error of law; (2) a manifest error of fact; or (3) newly discovered evidence. *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

None of Johnson's arguments comes close to showing manifest error of any sort, and he does not point to any new evidence that would warrant a new trial. At most, he is seeking to relitigate issues decided against him, in some cases on more than one occasion. That is not a basis for a new trial.

**IT IS SO ORDERED.**

Dated: October 14, 2016

JAMES DONATO
United States District Judge